# Goodwyn *et al. v.* Baldwin *et al.*

### *Statute of Limitations.*

1. *After the lapse of twenty years, a presumption of payment will arise.* If parties allow twenty years to elapse without taking any steps to compel the settlement of a mortgage debt, or to assert rights of property, the presumption of payment or settlement of the disputed title arises. ·

2. *If a purchaser has constructive notice of the mortgage, he is also informed by its date, of the presumption of the law.*—If the purchasers of land are constructively notified by the registration of a mortgage more than twenty years old, of the lien and incumbrance it created, they are also informed by its date and age that the law presumed the payment of the debt it was given to secure.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. HURIOSCO AUSTILL. The facts appear in the opinion.

MACDONALD & GRAHAM, and JOHN G. WINTER, for appellants.—1. No authorities go to the extent of saying that the administrator of a deceased mortgagor is not a proper party to a bill of foreclosure. ˙ If the mortgagee chooses to proceed for an account he may, and the better opinion would seem to be, he must make the ·personal representative a party. 5 Ala. 158. As to the statute of non-claim, the law expressly declares it must be taken advantage of by a special plea.—2 Ala. 382. But there seems to be such manifest error in the decree sustaining the administrator's demurrer that we do not think any further argument on this point is necessary.

2. The bar of the statute *never* runs in favor of the mortgagor in possession, or those claiming under him, without some open, explicit denial of the mortgagee's title brought to the knowledge of the mortgagee.—5 Ala. 424; 16 Ala. .581: 29 Ala. 714; *Coyle v. Wilkins,* 56 Ala. 108; 2 Washb. on Real Prop. 172.

3. Upon the marriage or majority of the ward the fiduciary relation ceases.—4 Watts & Serg. 551; and the guardian becomes a naked trustee.—17 Ala. 636; 21 Ala. 450.

4. The principal, if not only ground for this presumption of payment growing out of a lapse of time, is "that a man is always ready to enjoy his own. Whatever will repel this

[Goodwyn et al. v. Baldwin et al.]

will take away the presumption of payment, and for this purpose it has been held sufficient that the party was a near relation or insolvent."—2 Saxton's (N. J.) Ch. Reps. 685; 12 Vesey, 265; and the case in 5 Conn. p. 1, is a convincing authority to show that insolvency destroys the reason of the rule; and all authorities concur that the presumption may be explained by circumstances showing satisfactorily why an earlier demand has not been made.—2 Strange Reps. 826; 16 Wend. 245. It was held in 10 Johns. 417, that twenty years are only a circumstance on which to found a presumption of payment, and is not of itself a legal bar.

5. The purchasers of the mortgagor had notice of this incumbrance. It was constructive notice, but for every purpose of protecting the mortgagee against the consequences of alienation it is equivalent to actual or direct notice. 9 Wheat. 498; 6 Abbott's Pract. Rep. (N. S.) p. 170.

6. To raise the presumption of payment the possession of the mortgagor and those claiming under him, must be adverse to the mortgagee. — *Coyle v. Wilkins, supra*; 9 Wheat. 289.

SAYRE & GRAVES, and CLOPTON, HERBERT & CHAMBERS, for appellee.—1. In this case the record of the mortgage gave notice of its existence; but it also gave notice that the mortgage was then more than twenty years old. It gave no notice of any "special circumstances" which would prevent the statutory bar. The defendants, therefore, occupy the position of innocent purchasers.—32 Ala. 88; 46 Ala. 536–176; 21 Ala. 215; 5 Ala. 97; 5 Paige, 502; 28 Ohio St. Reps.; *Ridgway v. Glover* (in manuscript); *Coyle v. Wilkins*, 56 Ala. 108. The head-note in *Fox v. Reeder*, 28 Ohio St. Rep., is directly in point.

STONE, J.—In *McArthur v. Carrie*, 32 Ala. 75, the question of lapse of time and long acquiescence was pretty fully considered. Many authorities were cited; and some of them commented on. The principle there asserted has been followed, and has become a rule of decision in this court.—See *Austin v. Jordan*, 35 Ala. 642; *Coyle v. Wilkins*, 56 Ala. 108. The substance of the principle is, that if parties allow twenty years to elapse without taking any steps to compel a settlement, or to assert rights of property, the presumption of payment, or settlement of the disputed title arises. We have no disposition to re-examine the grounds on which that principle rests.

The bill in the present case was filed in July, 1877, to foreclose a mortgage on real estate executed by Frederic Raoul in May, 1844, to secure a debt due January 1, 1845. The bill avers a payment of interest was made in 1846; and that since that time, no payment has been made on the debt. The mortgaged premises have all the while been in the possession of the mortgagor, and those claiming under him. The bill further charges that all the lands embraced in the mortgage have heen sold and conveyed away—partly by Raoul in his lifetime, and the residue by his devisees since his death; and that the purchasers are in possession. The bill does not charge that such purchasers owe any purchase money for the lands, and it does not charge the purchasers or any of them with actual notice of the existence of the debt or mortgage. It relies alone on the constructive notice given by the due proof and registration of the mortgage, made in June, 1844, and in the proper county.

To avoid the effect of so great lapse of time, the bill contains the following averments: "That said Frederic S. Raoul admitted up to his death [in 1870] the existence of said mortgage as a valid incumbrance on the lands therein conveyed, and at no time denied the existence of the same. That the said Frederic Raoul was, from the time of the execution of the said mortgage, and up to his death, in straitened financial circumstances—virtually insolvent—and that any attempt made by the beneficiary of said mortgage deed of trust to enforce said mortgage, would have resulted in the absolute ruin, or great financial distress of said Raoul, mortgagor, who was the brother of said beneficiary. . . . But that now, so it is, may it please your honor, your orators knowing that financial ruin has in fact overtaken the estate of said mortgagor, and that family affection and consideration are no longer excuses for not enforcing their said security, your orators ask your honorable court to enforce said security by a foreclosure of the said mortgage." The plain import of this averment is, that so long as the mortgaged premises served and could serve the comfort and maintenance of Raoul and his family, the mortgagees were unwilling to disturb them. But that now, when the family have ceased to have any interests to be affected, the mortgagees desire and seek to have the lands subjected, although they thereby take them from purchasers the *bona fides* and payment of whose purchase, the bill no where denies. In fact, the averment that the Raoul devisees have no longer

any interest to be affected by the foreclosure, is equivalent to an admission that nothing is due them from their vendees.

We do not think either or both of the above excuses are sufficient to overcome the presumption of settlement or payment of the debt, from the lapse of time. Much more than twenty years—in fact, over thirty—had elapsed since the last payment on the debt, before this bill was filed. The bond, recited in and secured by the mortgage, is not exhibited to the bill, nor averred to be in existence. "That said Raoul admitted up to his death the existence of said mortgage as a valid incumbrance on the lands therein conveyed," is a very vague averment. When, where, to whom, and how often admitted, the bill fails to show. Such averment is too indefinite to overcome the presumption of payment, even if Raoul alone was adversely interested. By a much stronger reason is it insufficient to charge his vendees, who are impliedly admitted to be purchasers for value actually paid, and who are no where charged to have had knowledge that Raoul "admitted the existence of said mortgage as a valid incumbrance on said lands." If, by the registration of the mortgage they were constructively notified of the lien and incumbrance it created, it also notified them by its date and age that the law presumed the payment of the debt it was given to secure.—See *Coyle v. Wilkins, supra.*

It is not shown that motion was made for leave to amend the bill; and we need not consider whether it could have been amended, so as to cure the defects above pointed out.

Decree of the chancellor affirmed.