# Bailey *et al. v.* Butler.

*Bill in Equity to foreclose Mortgage.*

1. *Statute of limitations; foreclosure of mortgage.*—The statute of limitations does not operate to prevent a foreclosure of mortgage on lands; and a mortgagee is not barred of his right to file a bill to foreclose a mortgage until after a lapse of twenty years.

2. *Statute of limitations; how reckoned as to payment on bond.* Where a debt is evidenced by a bond, or instrument under seal, and a payment is made thereon within ten years from its maturity, such payment has the effect to move the beginning of the running of the statute of limitations up to the time of payment; and, if ten years had not elapsed between the payment and the beginning of suit on said bond, remedies to enforce the payment thereon are unaffected by the statute of limitations.

3. *Foreclosure of mortgage; right to personal decree.*—Where a mortgage is given to secure the payment of indebtedness, evidenced by a bond or note, the bond or note is enforceable as a

[Bailey *et al.* v. Butler.]

personal obligation, in so far as it may remain unsatisfied after a proper application of the proceeds of the mortgaged property; and, a bill to foreclose the mortgage is not demurrable for seeking a personal decree over against the mortgagor for any indebtedness, remaining due after the sale of all the property.

4. *Same: payment of attorney's fee.*—Where a mortgage is given to secure the payment of indebtedness evidenced by a note and bond, and the note contained a stipulation for the payment of attorney's fees, for collecting it, such fees become a part of the debt for which the mortgage may be foreclosed; and a bill seeking to foreclose such mortgage is not demurrable because it seeks the payment of attorney's fees.

5. *Same; right of exemptions.*—Where a mortgage, by its terms, shows a properly executed waiver of the mortgagor's right to claim real, as well as personal property, as exempt from the collection of the mortgage indebtedness, a bill seeking to foreclose said mortgage is not demurrable in that it prays for a decree that the mortgagors are not entitled to any exemptions.

APPEAL from the City Court of Talladega, in Equity. Heard before the Hon. G. K. MILLER.

The bill in this case was filed on October 3d, 1902, by the appellee, George Butler against appellants, John H. Bailey and his wife, M. L. Bailey, for the purpose of foreclosing a mortgage, It was averred in the bill that on December 24th, 1890, the defendants executed a bond payable to the complainant one day after date for eight hundred and eighty-four dollars and sixty-five cents; that on said bond defendants had paid on February 20th, 1900, a credit of three dollars and seventy cents; that on July 23d, 1892, defendants executed a note to the complainant for six hundred and forty-seven dollars, payable November 1st, 1892, and that on this note there had been a payment of three dollars on February 20th, 1900, which payment was endorsed on said note as a credit; that being so indebted to the complainant, the defendant's on July 23d, 1892, executed a mortgage upon certain lands, therein described, to secure the payment of said bond and of said note; that neither said bond nor note, constituting the mortgage debt, being paid, the complainant employed counsel to collect said indebtedness and that by reason of said mortgage not

providing for the complainant becoming a purchaser at a sale, under the power therein contained, it was necessary to file the present bill to foreclose said mortgage, in order to collect said indebtedness; and, that said property included in the said mortgage was not sufficient to pay the indebtedness. The prayer of the bill was that reference be had to ascertain how much the defendant was due the complainant, including reasonable attorney's fees, for the collection, of said indebtedness and for foreclosing said mortgage, and that the defendants be decreed to pay the indebtedness secured by said mortgage so ascertained, and that a personal decree be rendered over against the defendants for any balance that might be remaining after the sale of the property conveyed in said mortgage, and that it be decreed that neither of said defendants have any right to claim any property, real or personal, as exempt. The bond, note and mortgage were made exhibits to the bill. The bond was signed by the defendants, with their legal seals attached, and contained no stipulations, pertaining to the attorney's fees, but contained a waiver of exemptions. The note was signed by each of the defendants, and contained an agreement to pay attorney's fees for the collection thereof, and also a waiver of exemptions. The mortgage given to secure the indebtedness secured by the bond and the note contained a specific stipulation waiving the right to claim exemptions. Defendants demurred to the bill, generally, upon the ground that the debt sued on was barred by the statute of limitations. To that part of the bill claiming attorney's fees, defendant demurred on the ground that it does not appear that either the note or the mortgage provided for the payment of attorney's fees. To that part of the bill seeking to recover attorney's fees on the bond, defendants demurred upon the ground that it does not appear from said bond that defendants agreed to pay attorney's fees for collecting said notes. To that part of the bill seeking to recover a personal decree against defendants, after a sale of the property, defendants demurred upon the ground that it appears that the bond and note evidencing the debt are barred by the statute of limitations. To that part of the bill, seeking to prevent the defendants from claiming any property as ex-

[Bailey *et al.* v. Butler.]

empt, the defendants demurred upon the ground that it does not appear that they waived their right to claim exemptions in either the bond, note, or mortgage. On submission of the cause, upon demurrer, the chancellor rendered a decree overruling them. From this decree, defendants appeal and assigns the same as error.

FRANK S. WHITE & SONS, for appellants, cited Wood on Limitation of Actions, p. 448, § 222 and note; *Smith v. Gillam,* 80 Ala. 296; *Duval v. McCloskey,* 1 Ala. 708.

E. H. DRYER, *contra,* cited.—*Goodwin v. Baldwin,* 59 Ala. 127; *Ohmer v. Boyer,* 89 Ala. 273; Code of 1896, § 2811; *New South Building & Loan Association v. Bowie,* 121 Ala. 465; *Cameron v. Cameron,* 95 Ala. 344.

SHARPE, J.—The statute of limitations does not operate to prevent the foreclosure of a mortgage on lands. It is only when the mortgage debt has been due for a time sufficient to raise a presumption that the same has been satisfied that mere delay will furnish a defense to a bill for such foreclosure, and that time is ordinarily twenty years.—*Coyle v. Wilkins,* 57 Ala. 108; *Cook v. Parham,* 63 Ala. 456; *Goodwin v. Baldwin,* 59 Ala. 127; *Ohmer v. Boyer,* 89 Ala. 273.

The bill in this cause shows that of the two debts secured by the mortgage sought to be foreclosed, one is evidenced by a bond or instrument under seal payable one day after its date which was on December 24th, 1890, and that thereon a payment was made on February 20th, 1900. The payment, if so made, being within the ten years period which under the statute was necessary to bar the enforcement of the bond as a personal obligation, had effect to move the beginning of that period up to the time of the payment, and ten years not having elapsed between the payment and the beginning of the suit, remedies upon the bond are unaffected by the statute of limitations,—Code, § 2811. Assuming the averments of the bill to be true, the bond is under section 859 of the Code enforceable herein as a personal obligation in so far as it may remain unsatisfied after a proper application of the proceeds of the mortgaged

property. The other note which the mortgage purports to secure contains a stipulation for the payment of attorney's fees for collecting that note, and such fees if accruing according to that stipulation become a part of the debt for which the mortgage may be foreclosed as prayed in the bill.

The mortgage purports by its terms to show a properly executed waiver of defendant's right to claim real as well as personal property as exempt from the collection of the mortgage indebtedness.

From what has been said it will appear that the objections to the bill raised by the demurrers are not well taken.

Decree affirmed.