# Shockley, *et al. v.* Christopher

## *Bill to Foreclose Mortgage.*

(Decided June 29, 1912. Rehearing denied December 17, 1912. 60 South. 317.)

1. *Mortgages; Foreclosure; Legatee of Trust; Parties.*—There was no misjoinder of parties complainant in a bill brought by complainant individually and as executrix to foreclose a mortgage where testator left all of his personal property to complainant, as it is the debt that descends and the mortgage is only a security.

2. *Same.*—An averment that a respondent had purchased the redemption of the mortgagors, or that he claimed some interest therein, rendered a bill for the foreclosure of the mortgage sufficient as against a demurrer for misjoinder of parties respondent.

3. *Same; Payment; Limitation of Action; Laches.*—Limitations do not run against the foreclosure of a mortgage, nor will delay furnish a defense thereto until the lapse of such time that there is a presumption that the debt was satisfied; that period ordinarily being twenty years, in the absence of adverse possession.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by Susan A. Christopher invidually and as executrix of the will of William A. Christopher, deceased,

[Shockley, et al. v. Christopher.]

against John P. Shockley and others to foreclose a mortgage. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

GOODHUE, BRINDLEY & WHITE, for appellant. There is a misjoinder of parties complainant and respondent as appears from the bill. The demand was stale and the suit was barred by the statute of limitations.—*Jefferson v. Petus*, 132 Ala. 674; *Goodwin v. Baldwin*, 59 Ala. 127; *Semple v. Glenn*, 91 Ala. 245; *Huntsville v. Ewing*, 116 Ala. 484; *Fowler v. Ala. I. & S. Co.*, 164 Ala. 416; *Love v. Butler*, 129 Ala. 531. Counsel insist that the credits endorsed on the notes and mortgage were in the handwriting of the mortgagee and admissible as evidence to interrupt the running of the statutes.—*Royston v. May*, 71 Ala. 398; *Sorrell v. Craig*, 15 Ala. 789; *Ackland v. Hickman*, 60 Ala. 578; *Curtis v. Dozier*, 71 Ala. 590. The allegation of the bill was not sufficient to authorize the joining of the Wises as parties respondent. —*Randall v. Boyd*, 73 Ala. 382; *Bowling v. Pate*, 99 Ala. 607; *Hamrick v. Rucker*, 86 Ala. 202; 27 Cyc. 1526.

CULLI & MARTIN, for appellee. The complainant was properly joined individually as well as in her representative capacity.—*Hitchcock v. U. S. Bank*, 7 Ala. 388; *Dawson v. Burrus, et al.*, 73 Ala. 113; 2 Perry on Trusts, sections 329, 330; *Owen v. Bankhead*, 76 Ala. 148; *Kyle v. Perdue*, 87 Ala. 426. Relief was not barred by limitation or laches.—*Bailey v. Butler*, 138 Ala. 156 and authorities there cited. The allegations were sufficient to authorize the joining of the Wises as parties respondent.—*Winter, Loeb & Co. v. Montgomery Cooperage Co.*, 169 Ala. 628.

DOWDELL, C. J.—This is a bill to foreclose a mortgage. A demurrer was interposed which was overruled,

and from the decree overruling the demurrer, the present appeal is prosecuted.

The bill is exhibited in the name of Susan A. Christopher individually, and as executrix of the last will and testament of Wiliam A. Christopher, deceased. The bill shows that the mortgage sought to be foreclosed was executed to William A., and in his last will he bequeathed all of his personal property to his wife, Susan A., and made her executrix of his will. Under the principle laid down in *Kyle v. Perdue,* 87 Ala. 423, 6 South. 296, the bill was not objectionable on the ground of misjoinder of parties complainant. See, also, *Owen v. Bankhead,* 76 Ala. 148. Indeed, what is said in brief of counsel for appellant as to this ground of demurrer can hardly be considered as an insistence.

It is averred in the bill that the annual interest on the mortgage debt was paid down to and including the year 1901, and it appears that the bill was filed within 10 years of that date. In the case of *Bailey et al. v. Butler,* 138 Ala. on page 156, 35 South. on page 112, it was said by this court, speaking through SHARPE, J.: "The statute of limitations does not operate to prevent the foreclosure of a mortgage on lands. It is only when the mortgage debt has been due for a time sufficient to raise a presumption that the same has been satisfied that mere delay will furnish a defense to a bill for such foreclosure, and that time is ordinarily 20 years"— citing *Coyle v. Wilkins,* 57 Ala. 108; *Cook v. Parham,* 63 Ala. 456; *Goodwin v. Baldwin,* 59 Ala. 127; *Ohmer v. Boyer,* 89 Ala. 273, 7 South. 663. In the case of *Ohmer v. Boyer,* 89 Ala. 274, 7 South. 663, the last headnote reads: "The foreclosure or enforcement of a mortgage is not barred by lapse of time less than 20 years, in the absence of an actual adverse possession by the mortgagor, or those claiming under him, brought home to

[Johnson v. Davis, et al.]

the knowledge of the mortgagee, and the same limitation applies to an equitable assignee, who, having paid the debt, seeks to be subrogated to the rights of the mortgagee as against the heirs of the mortgagors." There was no error in overruling the demurrer on the stated grounds of laches and statute of limitations.

The bill avers that the respondent Wise had purchased the equity of redemption of the mortgagors or claimed some interest in the lands. Under this averment, the bill was rendered sufficient as against attack on demurrer for misjoinder of these defendants, and the ground of demurrer taking the objection for the misjoinder of these defendants was properly overruled.— See rule 106, p. 1562, Code 1907, vol. 2, Chancery Practice.

We find no reversible error, and the decree appealed from will be affirmed. .

Affirmed. All the Justices concur, except McCLEL-LAN, J., not sitting.

