## Pitts, *et al. v.* Darby, *et al.*

*Bill to Construe Will.*

(Decided June 5, 1913.   62 South. 523.)

*Wills; Execution; Witnesses.*—Where a will, executed by a nonresident, conveys land within this state, it must be attested by the requisite number of witnesses under section 6172, Code 1907, and not being so attested, the will is not operative to pass the title to real estate in this state, and hence, such lands descend under the statute of descent and distribution unaffected by the attempted testamentary devise.

[Pitts, et al. v. Darby, et al.]

APPEAL from Lowndes Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by P. H. Pitts, as administrator with the will annexed, against Jennie E. Darby and others, to determine whether or not the administrator can sell certain lands under the power contained in the will without an order of court, and, if not, to direct a sale of the land for distribution. Decree for respondents and complainants appeal. Affirmed.

The will is that of Alex F. Brevard, a resident of North Carolina, who devised certain lands to certain heirs who are made parties complainant with the administrator; said lands lying and being situate in Alabama. The will was executed in North Carolina and appears to have no subscribing witnesses; but proof is offered by witnesses who qualified to so testify that the signature is in the handwriting of Alex F. Brevard. This appears from the certificate of the clerk of the superior court of Lincoln county, N. C., where the will seems to have been admitted to probate. The demurrers raise the proposition decided.

ARTHUR M. PITTS, for appellant. The expression found in section 6172, Code 1907 "except in cases hereinafter provided for," includes and embraces noncupative wills and foreign wills admitted to probate· under our statute.

PARTRIDGE & HOBBS, for appellee. The demurrers were properly sustained as the will shows on itś face that it was not such will as passed the title to real estate in Alabama.—Sec. 6172, Code 1907; *Ward v. Oates,* 43 Ala. 515; *Borck v. Frank,* 51 Ala. 85; *Blacksher v. Northrup,* 57 South. 743.

McCLELLAN, J.—Since the instrument purporting to be a testamentary disposition of lands in this state owned by Alex F. Brevard, a resident of North Carolina, was *not* attested by two witnesses, as required by Code, § 6172, to pass the title to real estate—a fact appearing upon the face of the record authenticated by the superior court of North Carolina, in which the instrument was probated, to the probate court of Lowndes county, Ala., in which the lands lie—the authority of *Blacksher Co. v. Northrup,* 176 Ala. 190, 57 South. 743, 42 L. R. A. (N. S.) 454, requires the affirmance of the decree sustaining the demurrers to the bill, with the result that the lands in this state descend under our statutes of descent and distribution, not affected by the testamentary instrument referred to before.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.