# Loper v. Dickey.

### Ejectment.

(Decided November 19, 1914.  67 South. 255.)

1. *Payment; Mortgage; Presumption from Lapse of Time.*—Where a mortgagee permits twenty years to elapse without attempting to collect a debt, or foreclose his mortgage, or take possession of the mortgaged property, the law presumes that the mortgage has been satisfied.

2. *Same; Rebuttal.*—Where it was undisputed that there had been an attempted foreclosure of the mortgage by the administrators of the deceased mortgagee within the twenty years, and also that one Richardson, who purchased from one of the administrators, and who claimed to have been the purchaser at the foreclosure sale, went into possession of the property in 1902, and held until 1909, within the twenty years of the law day of the mortgage, and was then succeeded by the defendant, who holds under a recorded deed reciting the existence of the mortgage, and that defendant claimed under it. the presumption of payment or satisfaction of the mortgage arising from lapse of time, was refuted.

3. *Ejectment; Title; Imperfect Foreclosure of Mortgage.*—A plaintiff cannot maintain ejectment where the plaintiff and those under whom he claims have no legal title to the land; the mortgage of the ancestor never having been satisfied, whether the mortgage had or had not been regularly foreclosed and a deed made to the purchaser.

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by Robert A. Loper against John R. Dickey. Judgment for defendant, and plaintiff appeals. Affirmed.

GRANADE & GRANADE, for appellant.

TURNER, WILSON & TUCKER, for appellee.

ANDERSON, C. J.,—(1-3) This is an action of ejectment, and the plaintiff and defendant each claim title through a common source, A. Loper.　The defendant proved that A. Loper had parted with the title under

and by virtue of a certain mortgage to John A. Richardson, Sr., in 1891. Therefore, if this mortgage has never been paid or satisfied, it operates to place the legal title to the land out of the said A. Loper or his heirs, and this plaintiff, as one of his heirs and as the vendee of the others, could not recover.

The plaintiff contends, however, that as the mortgage was over 20 years old, when introduced in evidence, the law presumes that the same was satisfied. There is no doubt of the proposition that, if the mortgagee permits 20 years to elapse without making an attempt to collect the mortgage debt, or to foreclose the mortgage, or get possession of the property, the law presumes that the mortgage was satisfied.—*Gay v. Fleming,* 187 Ala. 511, 62 South. 523, and cases there cited. But the proof in this case shows that there was a foreclosure of the mortgage, or at least an attempt to do so, before the expiration of 20 years, and whether the deed as executed in 1913, by the former administrators of the mortgagee, was or was not prima facie evidence of the recited foreclosure, matters not, as there was independent proof of at least an attempted foreclosure of the mortgage within 20 years by the administrator of the deceased mortgagee.

Moreover, J. J. Richardson purchased from one of the administrators, who was also the claimed purchaser at the foreclosure sale, and went into possession of the land shortly after the date of his deed in 1902, and remained in possession until succeeded by the defendant, who went into possession in 1909, within 20 years of the law day of the mortgage, and who held under a recorded deed which recited the existence of the mortgage and that the said defendant was claiming title under and by virtue of said mortgage. These facts were undisputed, and were sufficient to refute a presumption

of payment or satisfaction of the mortgage, and as said mortgage had not been satisfied, the plaintiff and those under whom he claimed had no legal title to the land, and could not maintain this suit, whether the mortgage had or had not been regularly foreclosed and a deed made to the purchaser.—*Gay v. Fleming, supra.*

The trial court did not err in giving the general charge for the defendant, and the judgment is affirmed. Affirmed.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.