(77 South. 683)

SPENCER v. HURD. (6 Div. 663.)

(Supreme Court of Alabama. Jan. 17, 1918.)

PAYMENT ☞66(5)—PRESUMPTION FROM LAPSE OF TIME—CONCLUSIVENESS.

Where for over 20 years after the maturity of a mortgage the creditor took no action and there was no recognition of liability by the debtor, the mortgage will be conclusively presumed to have been satisfied, and the fact that the mortgagor and mortgagee were closely related does not affect the presumption.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit in equity by Mrs. F. W. Hurd against Octavius Spencer. From a decree for complainant, defendant appeals. Affirmed.

Bill filed by appellee, Mrs. F. W. Hurd, against appellant, Octavius Spencer, to quiet title to certain property described in the bill. The answer discloses that the respondent claimed title to the property through a mortgage executed by the complainant, Mrs. F. W. Hurd, and her husband, W. G. Hurd, to C. H. Spencer, father of respondent. The mortgage was given as security for the recited sum of $1,525, was executed April 1, 1889, and due December 1, 1890. There were credits on the back of the note attached to the mortgage showing a reduction of the amount due thereon to the sum of $555. After the bill was filed, respondent proceeded to foreclose said mortgage. C. H. Spencer, the mortgagee, died in the year 1906—more than 16 years after any payment had been made on the mortgage—and left a will devising his property to his wife, Leona Spencer, who transferred her interest in this mortgage to the respondent, Octavius Spencer, her son, in whose possession the note and mortgage now are. After the answer was filed, the bill was amended by adding paragraphs 5 and 6. Paragraph 5 sets up that she (complainant) had been in the actual, peaceable, adverse, continuous, and undisputed possession of the property described in the original bill for more than 20 years immediately preceding the foreclosure of said mortgage; and that during said time she did not admit any liability on the mortgage or recognize the same in any manner; that she knew nothing of the alleged claim of respondent until shortly before the filing of this bill. The original bill shows the ownership of the property here involved to be in the complainant, and, in paragraph 6 of the amended bill, it is averred that said note and mortgage are void for the reason that they were given to secure a debt of the husband, and were not given or executed to secure the payment of any debt for which she (complainant) was or is legally liable. The chancellor found complainant was entitled to relief, and entered a decree accordingly. From this decree the respondent prosecutes this appeal.

---

McEniry & McEniry, of Bessemer, for appellant. Estes & Jones, of Bessemer, for appellee.

GARDNER, J. The evidence is without dispute that complainant, the owner of the property here in controversy, has been in the actual, peaceable, and continuous adverse possession of said property since the year 1890, residing thereon as her home. She acknowledges the execution of the mortgage in question—so she states—only because of the fact that she recognizes her signature, but that she does not remember the occasion of the execution of the mortgage, or what it was for; that since she has been on the property neither the mortgagee, his wife, or any one, in fact, has said anything to her in regard to the mortgage, or made any demands for payment on the same; that she had nothing to do with any payments which might have been made by her husband on this mortgage, neither did she have anything to do with the creation of the indebtedness; that she knew nothing in regard to any claim of a balance due until the latter part of January, 1916, when demand was made just previous to the institution of this suit. The mortgagee, C. H. Spencer, died 16 years after any payment had been made on said mortgage, and his widow was duly qualified as his executrix, and took charge of his assets, collecting all indebtedness due the estate; the will having been probated in March, 1906. The widow insists, and so does respondent her son, that they knew nothing in regard to this mortgage, and only found the same by accident while looking over some papers of C. H. Spencer, deceased; and that they immediately made claim for the balance due thereon.

Under the decisions of this court, and under the fact presented, the mortgage will be conclusively presumed to have been satisfied. Snodgrass v. Snodgrass, 176 Ala. 276, 58 South. 201; Bailey v. Butler, 138 Ala. 153, 35 South. 111; Shockley v. Christopher, 180 Ala. 140, 60 South. 317; Goodwyn v. Baldwin, 59 Ala. 127; Loper v. Dickey, 190 Ala. 554, 67 South. 255; Gay v. Flemming, 182 Ala. 511, 62 South. 523; Roach v. Cox, 160 Ala. 425, 49 South. 578, 135 Am. St. Rep. 107; Harrison v. Heflin, 54 Ala. 552; Greenlees v. Greenlees, 62 Ala. 330; Gayle v. Pennington, 185 Ala. 53, 64 South. 572; Veitch v. Woodward, 200 Ala. 358, 76 South. 124.

In Snodgrass v. Snodgrass, supra, it was pointed out that this prescriptive period of 20 years is rested upon the principle of repose of society, and is a matter of public policy; that antiquated demands will not be considered by the court for there must be a time beyond which human transactions will not be inquired into. It was there said:

"The consensus of opinion at the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the trust, a complete bar."

In Harrison v. Heflin, supra, the reasoning of the rule is discussed at length, and the opinion recognizes that, perhaps in this state, "greater force and a larger operation has been given the presumption by this court, than the current of authorities sanctions," but "it has been in obedience to a well-defined public policy, which requires a fixed period of time that shall silence * * * controversies."

In Roach v. Cox, supra, some of the earlier authorities are referred to and commented upon. The court in further discussing this question said:

"The reason of the doctrine and the fact that this court has established the public policy of this state in respect of the existence and the effect of the presumption leave us no alternative, even if we were disposed to embrace it, than to affirm that the presumption of payment or extinguishment is conclusive where 20 years have elapsed and the creditor has been during the period inactive, or there has been no recognition of the liability by the debtor."

We are referred by counsel for appellant to Wanmaker v. Van Buskirk, 1 N. J. Eq. 685, 23 Am. Dec. 748, where it was held that the fact that the mortgagee and mortgagor were related, and the mortgagor was in embarrassing circumstances, was sufficient to overcome the presumption of payment; and that in the instant case such a holding would have application, at least as to relationship, as the evidence discloses that the mortgagor (complainant here) was closely related to the mortgagee. This argument, however, was pressed upon this court as far back as the case of Goodwyn v. Baldwin, supra, and was there repudiated.

We have no occasion to examine the authorities of other jurisdictions—as cited in the note of 27 Cyc. 1401—as we consider the question as settled by the decisions of this court that the presumption of payment or extinguishment is conclusive where 20 years have elapsed and the creditor has been inactive, or there has been no recognition of the liability by the debtor. From this settled policy we decline to now depart. It has become, as it were, a rule of property in this state, tends to the repose of society, and the quieting of litigation.

Under the undisputed evidence in the case, therefore, we are of the opinion that complainant was entitled to relief, and the decree to that effect will be, accordingly, affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.