<span style="float:right">(78 South. 886)</span>

AUSTIN et al. v. EDWARDS. (8 Div. 94.)

(Supreme Court of Alabama. May 9, 1918.)

LIMITATION OF ACTIONS ⬤⟿167(2) — BAR OF DEBT AS AFFECTING MORTGAGE.

In the absence of some peculiar circumstances imputing laches to the mortgagee or his assignee, a bill to foreclose a mortgage brought

---

within 20 years after its date may be maintained, though an action at law on the debt secured would be barred by the statute of limitations.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Suit by Mary J. Edwards, as executrix, etc., against Sam Austin and others. From a decree for complainant, respondents appeal. Affirmed.

Wert & Hutson, of Decatur, for appellants. E. W. Godbey, of Decatur, for appellee.

SAYRE, J. The appeal in this cause seeks to have the court turn away from a long line of cases in which it has been held that, in the absence of some peculiar circumstances imputing laches to the mortgagee or his assignee, such as are illustrated and discussed in Rives v. Morris, 108 Ala. 527, 18 South. 743, and Salmon v. Wynn, 153 Ala. 538, 45 South. 133, a bill to foreclose a mortgage brought within 20 years after its date may be maintained, though an action at law on the debt secured would be barred by the statute of limitations. We need cite only a few of our cases so holding. Coyle v. Wilkins, 57 Ala. 108; Bailey v. Butler, 138 Ala. 153, 35 South. 111; Braun v. Pettyjohn, 176 Ala. 592, 58 South. 907. This court has not been at all singular in so holding—see cases cited on page 664 of the note to Menzel v. Hinton, 95 Am. St. Rep. 647—and we are not disposed to depart now from a rule so well established in the jurisprudence of this state, even though respectable authorities hold otherwise. Nor do we find in the bare case shown by the bill sufficient reason for invoking, on demurrer, the doctrine of laches against complainant's bill. If, when an answer and the evidence shall have come in, it shall appear that appellants (defendants) are entitled on all the facts to defend on the ground of laches, they will have the benefit of the defense in the final decree. It results that the decree overruling the demurrer to complainant's bill must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.