(94 South. 481)
**WILKERSON v. SORSBY et al.** (6 Div. 659.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. **Appeal and error** ⊚═233(2)—**Rulings on evidence in jury trial as part of chancery proceeding not passed on by chancellor before or after decree not renewed.**

In a suit to quiet title and cancel and have marked satisfied on record certain mortgages and to declare foreclosure deeds void on the records, where complainant requested a jury trial as part of the chancery proceedings, objections to the admission of evidence before the jury, which were not renewed before the judge sitting as a chancellor, which rulings were not brought to his attention for relief before or after final decree, and were not passed on by him, cannot be considered on appeal.

2. **Payment** ⊚═66(2)—**No presumption that mortgages foreclosed within 11 years after maturity were satisfied.**

Where mortgages dated 1905 and 1906 were foreclosed May 1, 1916, being within 20 years after they were executed and the secured debts matured, there is no presumption of law that they were satisfied.

3. **Mortgages** ⊚═319(1)—**Burden of proving payment on party alleging it.**

In a suit in equity to quiet title and cancel and have marked satisfied on record certain mortgages and to declare void two foreclosure

deeds on records, where complainant alleged each mortgage had been paid or satisfied, the burden of proving payment or satisfaction devolved upon her.

**4. Appeal and error ☞1000—Findings of chancellor on evidence ore tenus not disturbed unless palpably wrong.**

In a suit to quiet title and cancel certain mortgages on record and declare void two foreclosure deeds, where, as part of the chancery proceedings, complainant demanded a jury trial, and the trial judge, on hearing of issues of fact before the jury, was the same person who decided the cause on final decree, and presided on hearing in both courts, and after verdict witnesses orally examined before the jury were re-examined by interrogatories on the material issues and their depositions made part of the evidence on final hearing, the findings of facts by the jury were not binding on the chancellor; and, the testimony on the material issues, being partly oral and partly by deposition, his conclusions will, not be disturbed, unless palpably wrong.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Hattie C. Wilkerson against I. K. Sorsby and S. P. King to quiet title. From a decree dismissing the bill complainant appeals. Affirmed.

Goodwyn & Ross, of Bessemer, for appellant.

Where a question of fraud is involved, it is proper to permit such latitude in the admitting of evidence as will help to throw light upon the subject; relationship of the parties may also give greater weight to other badges of fraud. 20 Cyc. 1110; 94 Ala. 407, 10 South. 309.

Miller & Graham, of Birmingham, and Huey & Welch, of Bessemer, for appellees.

The jury trial on the law side of the court was not an independent trial, but was a part of the chancery proceeding, and the verdict was subject to the revisory power of the chancellor. 188 Ala. 650, 65 South. 964; 195 Ala. 491, 70 South. 717; 74 Ala. 338.

MILLER, J. This bill of complaint is filed by Hattie C. Wilkerson against Mrs. I. K. Sorsby and others. Its purpose is to quiet title to lot 22 in block 452, in the city of Bessemer claimed by her, and to cancel and have marked satisfied on the record two mortgages given by her former husband, John W. Cash, and herself, 'and to declare null and void two foreclosure deeds on the records made under the power of sale in the two mortgages on this property.

Hattie C. Wilkerson was the wife of John W. Cash. He owned this lot. They executed two mortgages on it to the King Lumber Company, one to secure a note for $500, dated June 15, 1905, due June 15, 1906, and one to secure a note for $285.80 dated June 24, 1905, and due December 31, 1905; and both notes were payable to the King Lumber Company at the office of the King Lumber Company in Birmingham, Ala. The King Lumber Company, under which name S. P. King did business, did transfer and assign in writing for a valuable consideration on December 20, 1905, the two notes and two mortgages to Mrs. I. K. Sorsby, a sister of S. P. King. These mortgages were foreclosed by Mrs. Sorsby, and she purchased the property at the sales under the mortgages on May 1, 1916.

The bill avers these mortgages were given to secure lumber from the King Lumber Company to build a home for Frank and Maggie Robinson; that the amount due for the lumber purchased under both mortgages was $285.80, and the $285.80 mortgage was given in lieu of the $500 mortgage; and that Frank and Maggie Robinson owed John W. Cash a balance of $316, for building the house and for this lumber; and they gave at his request notes aggregating this sum to the King Lumber Company, which were accepted by the King Lumber Company in full payment of these two mortgage debts; and these notes of Robinson were paid to the King Lumber Company, and in this way these two mortgage debts were fully paid before they matured and before they were transferred to Mrs. Sorsby.

John W. Cash died in 1906, intestate, leaving a widow, the complainant, and no minor children. After his death this lot was set apart to her as a homestead by decree of the probate court of Jefferson county. She married again. Her present husband's name is Charlie Wilkerson. The bill alleges the transfer of these notes and mortgages to Mrs. Sorsby were without any valuable consideration and fraudulent, and as a result of a conspiracy between S. P. King and Mrs. Sorsby in fraud of the rights of the mortgagors. S. P. King and Mrs. I. K. Sorsby are made parties defendant.

S. P. King answered the bill, and alleges that he loaned John W. Cash $500 in cash, secured by one mortgage, and loaned him $285.80 in cash, secured by the other mortgage; that no lumber entered into the consideration of either mortgage, and that both mortgages and the notes before maturity were duly transferred to Mrs. Sorsby for $785.80 cash; that he [S. P. King], as King Lumber Company, sold lumber direct to Maggie Robinson, which amounted to, to wit, $234.37, and she gave the King Lumber Company for this lumber 10 notes for $10 each, and one for $109.37; and these notes and the debts evidenced by them had no connection with the two mortgages, and that nothing was ever paid to him or to the King Lumber Company on the two mortgage debts.

Mrs. Sorsby by her answer avers she pur-

chased before maturity each of the Cash and wife notes and the mortgages securing them, and paid the King Lumber Company in cash for them their full face value, without notice of any defense to the notes, or either of them or any part of them; and that nothing has been paid to her on either of said debts; and that both mortgages were duly foreclosed by her, and she purchased the property at the sale under the mortgages, and is now the owner of it.

The complainant requested a trial by jury as to whether the two mortgages were satisfied by John W. Cash, as alleged in the bill, and whether the complainant or I. K. Sorsby owns the property. These questions were submitted by the presiding judge to a jury on the law side of the docket, over the objections of respondents. The jury found that both mortgages had been paid, and that Mrs. I. K. Sorsby is not the owner of lot No. 22 in block 452. The cause was then submitted to the court in equity for final decree on the testimony before the court and the jury, the verdict of the jury, and also on the depositions of four of the witnesses who were examined orally before the court and the jury, but who were also afterwards re-examined by interrogations before a commission. The court by its decree found these facts from the oral testimony of witnesses before the court and jury, depositions of witnesses and documentary evidence, as noted by the register:

"The court is of the opinion that I. K. Sorsby was a bona fide purchaser, for a full and valuable consideration, without any knowledge or notice that there was a defense to same, and before maturity, on December 20, 1905, of the notes and mortgages for $500 and $285.80.

"The court is also of the opinion that neither of these notes and mortgages for $500 and $285.80, have been paid or satisfied otherwise than by foreclosure of mortgages securing said notes. The court is not reasonably satisfied from the evidence that a cash consideration did not pass from King Lumber Company to Jno. W. Cash for the notes of $500 and $285.-80, and the evidence of complainant as to the consideration and manner of payment is not convincing. The failure of the complainant to get possession or to offer a receipt against notes and mortgages claimed to be paid is a strong circumstance against any claim of payment."

The final decree declares complainant has not established the allegations of the bill of complaint, she is not entitled to relief, the bill is dismissed by the court, and complainant is taxed with the court cost. This decree is assigned as error. When appellant, the complainant below, requested a trial by jury of the following issues:

"(1) Whether or not the mortgages referred to in the bill of complaint were satisfied by John W. Cash as alleged therein, and (2) who is the owner of the property, the complainant or I. K. Sorsby,"

—the court, over the necessary written objections and exceptions of respondents, ordered these issues to be tried by a jury, and directed the clerk of the court to certify the same for trial by jury to the law side of this, the Bessemer division of the circuit court of Jefferson county, Ala. Whether or not in this order the court erred we need not decide, as the final decree was in favor of the respondents.

[1] Assignments of error, numbered 4 to 22 both inclusive, are based on rulings of the presiding judge adverse to appellant, the complainant, on objections to questions or on the admission or rejection of evidence on the trial of those issues of facts before the jury in the court of law. The verdict of the jury was favorable to appellant, and none of these rulings were renewed before the judge sitting as chancellor, but were abandoned in the equity court. They are not mentioned by her in her request for submission for final decree nor in her note of testimony. The testimony on the trial before the jury in the law court and the rulings of the court were reduced to writing, and certified to by the stenographer, and they were also approved and certified by the presiding judge, and filed in the equity court in this cause. No motion for relief was made by appellant from these rulings in the equity court; no doubt because the verdict was in her favor. The testimony on the trial before the jury was noted by appellant as part of her testimony to be considered by the court on the final hearing, but no mention is made therein as to these rulings of the court on the evidence before the jury. These rulings were not brought to the attention of the judge as chancellor for relief before or after final decree. They have never been passed on by him as chancellor. No motion for new trial, based on these rulings, was made in the court of equity after final decree by appellant. We cannot therefore consider these assignments of error from 1 to 22, both inclusive.

In Adams v. Manter & Bro., 74 Ala. 343, this court said:

"If the appellant was dissatisfied with the conduct of the trial of the issue in the circuit court, he should have had the particulars wherein he supposed himself injured by the rulings on that trial, certified by the presiding judge, and thus made that certificate, or *the certified exceptions, the basis of a motion for relief before the chancellor.* [Italics supplied.] The chancellor had power to award a venire de novo, with more specific directions, if he chose to give them; or to disregard the finding of the jury, as based on illegal or insufficient testimony, or improper rulings by the presiding judge. Alexander v. Alexander, 5 Ala. 517."

In Robinson v. Inzer, 195 Ala. 492, 70 South. 717, we find this:

"The jury trial on the law side of the court was not an independent trial, but was a part

of the chancery proceeding, and the verdict was subject to the revisory power of the chancellor."

See, also, Ex parte Colvert, 188 Ala. 650, 65 South. 964.

[2] These mortgages are dated June 19, 1905, and June 24, 1905, respectively. The notes secured bear dates of June 15, 1905, and June 24, 1905; one was due June 15, 1906, and the other December 31, 1905, and both mortgages were foreclosed May 1, 1910. They were foreclosed within 20 years after they were executed, and after the secured debts matured. Twenty years have not elapsed since the maturity of either mortgage; neither mortgage is 20 years old. Hence there is no presumption of law that the mortgages were satisfied when this bill was filed. Loper v. Dickey, 190 Ala. 554, 67 South. 255; Gay v. Fleming, 182 Ala. 511, 62 South. 523; Goodwyn v. Baldwin, 59 Ala. 127; Bailey v. Butler, 138 Ala. 153, 35 South. 111.

[3] The complainant alleges each mortgage has been paid or satisfied. The burden of proving payment or satisfaction of the mortgages devolves on her under the complaint. Ala. G. L. Ins. Co. v. Sledge, 62 Ala. 566; Shepherd v. Butcher T. & H. Co., 198 Ala. 275, h. n. 11, 73 South. 498. In Adams v. Munter & Bros., 74 Ala. 343, this court quoted with approval:

"In Fitzhugh v. Fitzhugh, 11 Grat. 210, the principle is declared, that 'upon an issue directed out of chancery, the verdict of the jury is conclusive, where there is no exception spreading the facts proved upon the record.' The same principle is declared in Dodge v. Griswold, 12 N. H. 573. See, also, Lansing v. Russell, 13 Barb. 510."

[4] These issues were directed out of the equity court; the respondents reserved exceptions during the trial, and filed written objections to the verdict based on the evidence before the jury; and all the facts, rulings of the court, exceptions by the parties, and proceedings before the jury are made a part of the record in this cause by certificate of the presiding judge. The trial judge on the hearing of the issues of fact before the jury is the same person who decided this cause on final decree. He presided on the hearing in both courts. All of this certified testimony before the jury in the record was noted, part by each party, to guide the court in its final decree. Four witnesses examined orally before the jury on the main issues in the case were after the verdict, re-examined by interrogatories, two witnesses by complainant and two by respondents, on the material issues in the cause, and their depositions were referred to and made part of the evidence in the notes of testimony by the parties on the final hearing of the cause. Under these circumstances, the findings of facts by the jury would not be binding on the conscience of the court of equity. It had for consideration and heard all the testimony placed before the jury, and the court had the additional testimony on the same issues by depositions of some of the same witnesses examined before the jury. Nearly all of the testimony was ore tenus before the court and jury. When the testimony on the material issues is partly oral and partly by depositions, as in this cause, the conclusions reached by the trial court will not be disturbed unless plainly and palpably wrong. The presiding judge, who rendered the final decree and recited therein the facts found from the evidence, heard the witnesses examined orally in his presence, before the jury. That testimony was before him on the final hearing of the cause as he heard it and reduced it to writing and certified it in the record. He saw nearly all the witnesses, observed their demeanor and had opportunity, superior to this court, to judge of the truth of their evidence. Fitzpatrick v. Stringer, 200 Ala. 574, 76 South. 932; Caravella Shoe Co. v. Hubbard, 201 Ala. 545, 78 South. 899; Gray v. Handy, 204 Ala. 559, 86 South. 548.

The conclusions reached and the facts found by the court from the oral and deposition testimony are stated in the final decree. The substance of these conclusions appears heretofore in this opinion. It is not necessary to repeat them. The testimony is ample to support and sustain the trial court in the facts found, and the decree rendered thereon. Under those facts complainant is not entitled to the relief she seeks. The decree denying complainant relief, dismissing her bill, and taxing her with the court cost is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.