9 So.2d 753

### FLETCHER et al. v. SHUMATE et al.
#### 8 Div. 171.

Supreme Court of Alabama.
June 18, 1942.

Rehearing Denied Oct. 8, 1942.

P. A. Nash, of Oneonta, for appellants.
P. W. Shumate, of Guntersville, for appellees.

LIVINGSTON, Justice.

There are two questions presented by the record: whether the mortgage involved was valid because the wife's name does not appear in the body of the mortgage, though it is signed by her and a proper certificate of acknowledgment attached, when the land is the homestead of the husband; and, whether the right to foreclose the mortgage was lost by prescription of twenty years.

The mortgage here involved was executed on October 15, 1920, due on demand, by

the husband and father of complainants, to secure an attorneys' fee for representing him on an indictment for murder. Cleo Staten, the mortgagor, is now dead and complainants are his widow and heirs at law. No proceedings were begun to enforce a collection of the debt until September 4, 1940, when a defective notice of foreclosure was advertised. On discovery of the error in the notice, a new and correct advertisement of foreclosure was published beginning October 9, 1940, for sale of the property on November 12, 1940. On November 11, 1940, bill was filed by appellants to quiet title. The trial court held that the right of foreclosure was not barred. Does the twenty-year period of prescription bar a foreclosure under the above facts? Is the mortgage void because the wife's name is not in the body of the deed, the land mortgaged being the homestead of the mortgagor?

 The identical questions here involved were this day decided by this Court in the case of G. B. Staten v. P. W. Shumate et al., 9 So.2d 751,[1] and in which we held that the mortgage was not void, but its foreclosure was barred under the facts alleged.

We see no good reason to repeat here what was said in the G. B. Staten case, supra; and on the authority of that case, this cause is reversed and rendered.

Reversed and rendered.

All the Justices concur, except KNIGHT, J., not sitting.