9 So.2d 751

**STATEN v. SHUMATE et al.**

8 Div. 172.

Supreme Court of Alabama.

June 18, 1942.

Rehearing Denied Oct. 8, 1942.

P. A. Nash, of Oneonta, for appellant.

P. W. Shumate, of Gubtersville, for appellees.

262

**FOSTER, Justice.**

The question here is whether the right to foreclose the mortgage involved was lost by prescription of twenty years, and also whether the mortgage was valid because the wife's name does not appear in the body of the mortgage though it is signed by her and proper certificate of acknowledgment attached, when the land is the homestead of the husband.

The last question has long since been settled, so that it is not necessary that her name appear in the body of the deed if she signs and a separate acknowledgment is taken and certified. Hood v. Powell, 73 Ala. 171; Shelton v. Aultman & Taylor Co., 82 Ala. 315, 8 So. 232.

As to the question of prescription, the facts are that the mortgage was executed October 16, 1920, due on demand, by this appellant and his wife to secure an attorney's fee for representing him on an indictment for murder. Several others were indicted for the same offense, and they were tried and were convicted. Thereupon the charge against this appellant was dismissed. No proceedings were begun to enforce a collection of the debt until September 4, 1940, when a defective notice of foreclosure was advertised. The defect being discovered, a new and correct advertisement of foreclosure was published beginning October 9, 1940, for sale on November 12, 1940. On November 11, 1940, the bill was filed by appellant to quiet title. The court held that the right of foreclosure was not barred. The question depends upon the twenty-year period of prescription.

It is well settled that a suit for foreclosure is barred after twenty years' continuous possession by the mortgagor after the law day of the mortgage without any payment on the mortgage debt or other recognition of it as a subsisting obligation. Scott v. Scott, 202 Ala. 244, 80 So. 82; Shockley v. Christopher, 180 Ala. 140, 60 So. 317; Coyle v. Wilkins, 57 Ala. 108; Goodwyn v. Baldwin, 59 Ala. 127. See, also, Hendley v. First National Bank, 234 Ala. 535, 176 So. 348; Id., 235 Ala. 664, 180 So. 667.

The particular right here sought to be barred by prescription is the exercise of a power of sale out of court, not a right to sue in court. This power is expressly granted in the mortgage and is dependent upon such grant. It continues in force until the debt is paid in full. If a period of twenty years transpires continuously after the debt is due from the last recognition of it as a debt by the mortgagor until the power is exercised or possession is acquired under claim of the mortgage title, it cannot be exercised, because there is a conclusive presumption that the debt has been fully paid. Patterson v. Weaver, 216 Ala. 686, 114 So. 301; Bromberg v. Hoffman, 207 Ala. 144, 92 So. 114; Graham v. Graham, 202 Ala. 56, 79 So. 450; Spencer v. Hurd, 201 Ala. 269, 77 So. 683, 1 A.L.R. 761, and the title settled in the mortgagor. Scott v. Scott, supra.

If the debt is not thus fully paid, actually or presumptively, before the commencement of a suit in equity to foreclose the mortgage, such a suit will not be affected by a full lapse of the prescriptive period before final decree. 48 Corpus Juris 717, section 247; Austin v. Edwards, 201 Ala. 532, 78 So. 886.

But notice, extra-judicial, given as required by the terms of a power, that a sale in the exercise of it will be had at a certain time, is not equivalent to the commencement of a suit to foreclose pursuant to the equitable remedy in such case created by law. The power to be barred is to sell the land to raise money to pay the debt. If the debt is paid before a sale is effected, the power cannot be exercised. The terms of the power may prescribe notice to be given in a designated way, or may authorize it to be without notice. Compare, 37 Amer. Jur. 111, section 657; Peoples Bank & Trust Co. v. Chumbley, 174 Tenn. 581, 129 S.W.2d 213, 122 A.L.R. 936; Duncan v.

Cobb, 32 Minn. 460, 21 N.W. 714; Jones on Mortgages, page 1048, section 1546.

It is not a question of whether the debt is paid when the notice is given, but when the sale is actually made under such power. The sale must be made while the debt is still unpaid. The notice does not call upon the mortgagor to show cause in any court or other tribunal why a sale should not be made. It serves only as information.

This question was left open in our case of Barrentine v. Parker, 236 Ala. 188, 189(2), 181 So. 263, 265.

 As we have shown by the dates we have stated, and from the fact that the mortgagor has continued in possession all the time, the debt became not only presumptively but conclusively paid on October 16, 1940, before the sale occurred November 12, 1940, though notice was first published October 9, 1940, or seven days before the bar became complete. And the title was settled as of Ocober 16, 1940, in the mortgagor, since no suit had been begun to foreclose the mortgage or to acquire possession..

There is no allegation made in the answer and cross-bill that complainant recognized the continuing force of the debt by a partial payment or otherwise; nor a denial of the allegations of the bill in this respect, and no contention is here made that the prescriptive period was tolled by a recognition of the debt on the part of the debtor nor by any act except by publication of notice of foreclosure. So that when the sale was made the debt had been paid by a conclusive presumption, and the title acquired under the mortgage had been extinguished. These circumstances are sometimes sufficient to raise an inference of payment, though twenty years have not elapsed. Phillips v. Adams, 78 Ala. 225.

We think the court erred in granting relief to appellee on his cross-bill and denying relief to complainant.

A decree will be here entered cancelling the mortgage to which we have referred as a cloud on appellant's title to the land described in the bill of complaint.

Reversed and rendered.

All the Justices concur, except KNIGHT, J., not sitting.

On Rehearing

PER CURIAM.

Application for rehearing overruled.

All the Justices concurring, except LAWSON, J., not sitting, and except THOMAS, J., who thinks the former judgment of this Court should be modified so as to permit a remand for trial of the issue of recognition of the debt.