66 So.2d 907

**GRIFFITH v. WHITE et al.**

6 Div. 450.

Supreme Court of Alabama.

Aug. 6, 1953.

Verbon E. Owen, Cullman, for appellees.

St. John & St. John, Cullman, for appellant.

380

STAKELY, Justice.

W. C. Griffith (appellant) filed his bill of complaint on September 5, 1950 against O. P. White and Gladys White Boren (appellee), who are the sole heirs of James N. White, deceased, to foreclose a mortgage made by James N. White to Griffith & Warren on March 31, 1923 to secure an indebtedness of $1185.73, the indebtedness being evidenced by promissory notes falling due respectively on the first day of December 1923 and on the first day of each succeeding December thereafter through and including December 1, 1933, the notes bearing interest at the rate of eight percent per annum from maturity. The mortgage embraces certain real estate located in Cullman County, Alabama and was recorded March 31, 1923.

According to the allegations of the bill the mortgage was transferred a number of times and was finally transferred to the complainant on October 18, 1944. The mortgage contains an acceleration clause which provides that on failure to pay at maturity date any one of the notes secured by the mortgage, all of the notes shall at once become due and payable.

O. P. White, one of the respondents, disclaims any right or interest in the land embraced in the mortgage for the reason that there was a division of the lands of the decedent and he conveyed his interest in the land to Gladys White Boren.

The defense of Gladys White Boren, among other things, is that foreclosure of the mortgage is barred by the prescriptive period of twenty years. This case presents the question as to whether or not the running of the prescriptive period of twenty years is interrupted by the commencement of a suit for a foreclosure of the mortgage which is later dismissed without prejudice by the complainant.

The facts in the case appear to be undisputed. The mortgage which is sought to be foreclosed was executed more than twenty-seven years before this suit was begun. The last note evidencing the mortgage debt became due less than twenty years before the present action was started. However another suit to foreclose the mortgage was filed February 28, 1929 by W. C. Griffith (complainant in this case) and A. P. Warren, partners doing business under the firm name of Griffith & Warren, the mortgagees named in the mortgage. In the bill of complaint filed in the foregoing suit, the acceleration clause to which we have referred was alleged and it was further alleged that "Under the terms and provisions of said mortgage, as aforesaid, the entire indebtedness thereby became due and the complainants allege that all of said indebtedness is now due and unpaid." The first action was dismissed by the complainants without prejudice on May 9, 1933, before the filing of the present suit. No payments have been made on the mortgage debt for more than twenty years and neither the mortgagor nor anyone holding under him has recognized the mortgage since its execution. The mortgagor and those holding under him have been in the possession of the land, holding the same openly without recognition of the mortgage.

The bill of complaint in the present action alleges that the mortgage indebtedness is past due and unpaid. It is alleged that in violation of the provisions of the mortgage, the respondents have been and are in the process of cutting and removing timber and disposing of timber in violation of complainant's rights and of the provisions contained in the mortgage. The bill prays for an injunction restraining the respondent from cutting or removing the timber standing on the land embraced in the mortgage. The court issued a temporary injunction and thereupon the parties agreed for the register to sell the timber which had been cut from the premises for the

best price obtainable and for the register to hold the proceeds thereof pending the outcome of this litigation, the amount received from the timber to be paid over to the parties decreed to be entitled thereto.

Upon a hearing of the cause the court entered a final decree holding that the full amount of the mortgage debt became due at the election of the mortgagees when the first foreclosure suit was filed and that the mortgagor and those now holding under him commenced to hold the land described in the mortgage adversely to the mortgagees when they contested the foreclosure in the first suit and further that the prescriptive period has expired since there is nothing in the case which would interrupt the running of this period. The court therefore held that the complainant is not entitled to foreclose the mortgage and that the respondent Gladys White Boren is entitled to relief under her cross bill. The court thereupon dissolved the temporary injunction which had been granted and declared the title vested in Gladys White Boren free from all encumbrances and that the complainant has no right, title, claim or interest in or to the land involved in the suit. The register was ordered to pay to Gladys White Boren the amount received from the sale of the timber which had been severed from the land.

In Barrentine v. Parker, 236 Ala. 188, 181 So. 263, 264, this court said:

"On that subject, we find the law to be well settled, that although a mortgagor remains in the actual, open, possession of the mortgaged land without recognition of the debt or the existence of the mortgage as a valid claim, but without a renunciation or disclaimer of the mortgagee's right, traced to his knowledge, for a period of twenty years from its maturity, or from his last recognition of it as subsisting, he cannot defeat foreclosure proceedings begun within such twenty-year period. * * *" See also Staten v. Shumate, 243 Ala. 261, 9 So.2d 751.

It will be noted that the case at bar was filed September 5, 1950. The last of the series of notes evidencing the indebtedness secured by the mortgage which is sought to be foreclosed in the case at bar, became due on December 1, 1933, which is less than twenty years before the filing of the present action. However a suit was filed on February 28, 1929 to foreclose the mortgage. The institution of the foregoing foreclosure suit constituted an election to accelerate the maturity of the debt thereby secured and so made the entire indebtedness secured by the mortgage due and payable at the time the suit was instituted. 59 C.J.S., Mortgages, § 495, page 791; Liles v. Savage, 121 Fla. 83, 163 So. 399. More than twenty years elapsed from the time of such election until the present suit was filed, provided the period of time, which we shall now discuss, is not required to be subtracted from the period between February 28, 1929 and September 5, 1950, the date on which the present suit was filed.

This brings us to the question as to whether or not the prescriptive period of twenty years was tolled by the filing of the suit to foreclose on February 28, 1929, when the first suit was dismissed without prejudice on May 9, 1933. In 34 Am.Jur. § 281, p. 227, it is said:

"In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him, * * *."

The contention is made by the appellant that the first suit having been dismissed without prejudice, the complainant is now entitled in virtue of the privilege thereby reserved to deduct the time of the pendency of that suit. However the purport of such an order is that the dismissal shall not operate as a bar to a new suit which might be instituted. It could not be intended to bar the respondent in the first suit of any defense upon the merits of the case to which he is entitled by law, for that would have been to give a right to the complainant and at the same time to prejudice the right of the respondent upon a matter not then presented for the determination of the court. Nevitt v. Bacon, 32 Miss. 212, 66 Am.Dec. 609, 614. See 37 C. J. p. 1053; 54 C.J.S., Limitations of Actions, § 262; Fleishbein v. Western Auto

Supply Agency, 19 Cal.App.2d 424, 65 P.2d 928; 34 Am.Jur. p. 227, supra.

Since the time during which the first suit was pending is not to be deducted, it is obvious that more than twenty years have elapsed between the filing of the present suit and the institution of the first suit. Gladys White Boren claims under and through her father and he and she have been for more than twenty years in the actual, open possession of the property embraced in the mortgage without recognition of the mortgage and during all of this time no payments have been made on the mortgage.

The court was therefore correct in holding that the complainant is not entitled to foreclose the mortgage and that Gladys White Boren is the owner of the property free from all encumbrances and that the complainant has no right, title, claim or interest in and to the land involved in the suit. The court correctly dissolved the temporary injunction and correctly ordered the register to pay over to Gladys White Boren the amount received from the sale of the timber which had been severed from the land.

Affirmed.

All the Justices concur.