# Red Mountain Mining Co. *v.* Jefferson County Savings Bank.

*Bill in Equity to Foreclose Mortgage.*

1. *Conclusiveness of decree by consent of parties; when same question can not be presented on second appeal.*—Where a decree overruling demurrers interposed to a bill to foreclose a mortgage is, by consent of

[Red Mountain Mining Co. v. Jefferson County Savings Bank.]

the parties, affirmed on appeal, the defendant can not, on a subsequent appeal from the final decree of the court ordering a foreclosure of the mortgage, raise the same question which was presented by the demurrer, and which was, by consent, adjudicated against him on the former appeal; the former adjudication being conclusive against such defendant.

2. *Lien of taxes; mortgagee's right to charge land with amount paid to redeem land from tax sale.*—A mortgagee, to protect his own security, has the right to redeem the land embraced in his mortgage, which the mortgagor has allowed to be sold for taxes, and to charge the money so paid in the redemption against the land, for the payment of which the land should be held subject in a decree of foreclosure.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. THOMAS COBBS.

. The facts in the case are sufficiently stated in the opinion.

LANE & WHITE, for appellant.

WARD & CAMPBELL, *contra.*—1.  The appellants having abandoned the first appeal and consented to an affirmance in the Supreme Court, will not be heard now to complain of the decree they appealed from.  There can be no question of the right of complainants to discharge the incumbrance caused by taxes or tax sale on the property and charge the same against the morgagor.—*Cowley v. Shelby*, 71 Ala. 122.

The inclusion of the amount paid as taxes in the decree, is sustained by *Mutual Life Ins. Co. v. Newell*, 28 N. Y. Sup. 913 ; *Kilpatrick v. Henson*, 81 Ala. 464, which declares that where taxes are paid by the mortgagee, they are an additional lien under the mortgage.  To the same effect, and the mortgagee's right to recover amount paid as taxes or to redeem from tax sale, see 2 Jones on Mortgages, (5th ed.), § 1134.

COLEMAN, J.—The appellees filed their bill to foreclose a mortgage executed by the appellant upon certain real property.  After the execution of the mortgage, the mortgagor permitted the property to be sold for taxes. In addition to the prayer for a foreclosure of the mortgage to satisfy the debt secured thereby, the complainants also prayed that the land be subjected to the payment of the

amount paid by them to redeem the lands from the purchaser at the tax sale. The respondent demurred to the bill generally, and specially to that feature of the bill which prayed for relief on account of the money paid to redeem the lands. The demurrer was overruled by the court, and the respondents appealed to this court from the decree overruling the demurrer. Upon the cause coming on to be heard in this court, "by *consent* of the parties it was considered that the decree of the chancery court be in all things affirmed." The present appeal is prosecuted from the final decree of the court, upon the execution of a reference by the register, in which the complainants were granted relief for money paid out to redeem the lands, and appellants again seek to raise the same question, presented by demurrer and which by consent was adjudicated adversely to them on the former appeal from the ruling of the court upon demurrer. The former adjudication, by consent, is conclusive against them.

Independent of this, the taxes were a lien upon the land, and the mortgagee had the right to redeem the land to protect his own security. See the following authorities: *Kilpatrick v. Henson*, 81 Ala. 464; *Grigg v. Banks*, 59 Ala. 311; *Cowley v. Shelby*, 71 Ala. 122; 25 Amer. & Ang. Encyc. of Law, 415, note 4.

Affirmed.