184 So. 192

### ALABAMA MINERAL LAND CO. v. McFRY et al.

### 7 Div. 518.

Supreme Court of Alabama.

Oct. 6, 1938.

Rehearing Denied Nov. 10, 1938.

Vassar L. Allen, of Birmingham, for appellant.

Whiteside & Woolf, of Anniston, for appellees.

BOULDIN, Justice.

A bill in equity was filed by appellant to redeem lands from respondents, a purchaser of lands at a tax sale, and his vendee of a portion thereof.

The appeal is from a final decree denying complainant relief. The tax sale was on July 13, 1931. The bill was filed August 8, 1935. Complainant claims its right of redemption was still in force by virtue of the exception in Section 3109 of the Code, extending the time in favor of a mortgagee, whose mortgage is on record at the time of the tax sale, to one year after written notice of his purchase is given by the purchaser at the tax sale.

The cause was tried on an agreed statement of facts. The inquiry on the merits is whether, under the agreed facts, complainant's right of redemption was still in being when the bill was filed.

Summarizing the pertinent facts it appears:

Complainant was a mortgagee, holding a recorded mortgage on the lands, at the time the lands were sold for taxes in 1931. The sale, whose validity in all respects is unquestioned, was upon an assessment against the vendee of the mortgagor, as owner of the property.

No written notice was ever given by the purchaser at tax sale, nor his vendee of a portion thereof, to the mortgagee, as per Code, § 3109.

But on April 20, 1932, some nine months after the tax sale, complainant foreclosed its mortgage under power of sale, became the purchaser at foreclosure sale, and received a foreclosure deed.

Five days later an office employe of complainant, not an executive officer, but acting within the line and scope of his duty, wrote and mailed a letter, signed in the name of complainant, addressed to the Judge of Probate of the proper county, as follows: "Please advise us date of tax sale, amount of same and name and address of purchaser, as to Section 15 and 23, Township 15, Range 10. We have foreclosed our mortgage on this land and wish to clear the title."

Some two weeks later the Judge of Probate addressed and mailed to complainant a letter, postage prepaid, with return address on the envelope, giving date of sale, and an itemized statement of the amount required to redeem.

The agreed facts stipulate that the executive officers of the company have no knowledge or recollection of receiving this letter, that the files of complainant do not show its receipt, nor did the employe writing to the Judge of Probate call the attention of any of the executive officers to the letter from the Judge of Probate.

■ This stipulation does not show such letter was never received by any one authorized to receive mail for complainant. In view of the presumption of mail deliveries, we conclude complainant must be held to have received this letter.

■ It being expressly agreed that the letter to the Judge of Probate was written by an employe acting within the line and scope of his duty, it must be held he had

authority to make the inquiry therein contained, and both letters be treated as correspondence by and with plaintiff corporation, in so far as the subject matter thereof is material to our decision.

In July, 1933, after the expiration of two years for redemption, the Judge of Probate executed to the purchaser at the tax sale, a deed to the lands, which was promptly recorded. A few months later this holder of the tax deed conveyed a portion of the lands to his co-respondent by warranty deed. These purchasers assessed and paid the taxes on the lands to the time of filing suit.

Complainant took no steps to redeem until two years after the tax deed was executed, when an offer to redeem was made with tender of the amount originally paid, with statutory interest, and offer to pay outlays for subsequent taxes with interest.

Section 3109 of the Code is the general statute fixing the time for redemption of lands from purchasers at tax sales, other than the state, at two years from the date of sale. It also designates the persons entitled to redeem. These include the "owner," "mortgagee or purchaser of such lands," and other persons having an interest therein.

It allows further time to persons under disability, and concludes thus: "If the mortgage or other instrument creating a lien under which a party seeks to redeem is duly recorded at the time of said tax sale, the said party shall, in addition to the time herein specified, have the right to redeem said real estate sold, or any portion thereof covered by his mortgage or lien, at any time within one year from the date of written notice from the purchaser of his purchase of said lands at tax sale, served upon such party, and notice served upon either the original mortgagee or lien holder or their transferee of record, or their heirs, personal representatives or assigns, shall be sufficient notice."

As matter of information we note this statute was amended March, 1933 (Gen. Acts 1933, p. 74), by striking out the words "from the purchaser of his purchase of said lands." It would seem the notice may now be given by the Judge of Probate, the officer having the records of tax sales, and to whom persons naturally apply, for information of this sort. The amended statute, however, imposes no official duty on the Judge of Probate, with regard to such

notice, and it would seem to still be the duty of the purchaser to see that the notice is given as required.

This sale, however, and the letter from the Judge of Probate above mentioned were prior to this amendment, and governed by the Code Section.

This provision of the statute above quoted is intended to relieve a mortgagee or his assignee of record, holding an outstanding mortgage, from keeping a lookout for tax sales foreclosing the paramount lien of the state and county by proceedings against the mortgagor, who for tax purposes is the owner of the lands, and the mortgage treated as a lien security for the debt. Gen. Acts 1919, p. 449, § 416.

When a mortgagee redeems from a tax sale he has a lien for his outlays like unto that of the state and county. Code, § 3127.

The provision relied upon is an exception from the general two year period for redemption in favor of a class, and should be so construed as to effectuate its purpose, but not so as to unnecessarily modify or limit other related statutes embodying the scheme of tax sales and redemptions. No time is specified for the giving of such notice. Clearly it can be given immediately after the tax sale, in which event the one year provision would run concurrently with the two year limit.

Tax sales of lands are made on orders of sale by the Judge of Probate on a report of delinquencies by the tax collector after proper notices. The Judge of Probate attends the sale, and enters upon his tax records the results. When lands are purchased by a person other than the state he is issued a certificate of purchase. This carries a right to possession after a limited time, but does not pass title. Code, § 3099.

If the property is redeemed within the two year period allowed therefor, this fact appears of record, so that the owner's title is no longer beclouded by tax sale records. Code, § 3115.

If not redeemed within the two year period, the Judge of Probate, on surrender of the certificate of purchase, executes a deed passing title to the purchaser. Gen. Acts 1919, pp. 282, 360, § 266.

Nothing in Section 3109 looks to a postponement of the date for executing the tax deed. The Judge of Probate is not required to examine mortgage records, nor is any kind of record evidence of the giving

of the notice under § 3109 provided for. So far as appears, the Judge of Probate is governed by the state of his own records in executing tax deeds.

■ This extended time for redemption, running into the indefinite future so far as the statute goes, rests upon written notice, known only to the mortgagee and the purchaser at tax sale. The statute says this notice must be "served upon such party." How served is not defined. It would seem that this statute, intended specially to protect non-resident mortgagees, is fully complied with by delivery of proper notice through the mails.

In view of these considerations, we proceed to deal with the case presented by the record. One fact here present which we deem of much importance is the fact of foreclosure of complainant's mortgage and purchase at the mortgage sale. It cannot be plausibly insisted that a mortgagee, purchasing at his own foreclosure sale, is in better position than a third person as such purchaser.

■ Now the statute names "purchaser of such lands" as one of the classes entitled to redeem. The two year limitation applies to him the same as to the owner. The broad terms defining persons entitled to redeem, would include any purchaser, by foreclosure sale or otherwise, by which the title of the owner passes, while the title is in him, pending the two year period of redemption. There is a manifest distinction between the "transferee [of a mortgage] of record" mentioned in § 3109, and a purchaser at foreclosure sale.

■ Under well known principles of law when one purchases at a foreclosure sale he is charged with notice of tax sales and the rights of purchasers at such sales, as disclosed by the records. He is not a mortgagee, but an owner, on whom rests the duty to assess and pay future taxes.

Entirely in keeping with these principles was the inquiry made of the Judge of Probate immediately following the foreclosure. There is no indication that Section 3109 is intended to strike down these settled policies of the law.

■ To give full effect to the extended right of redemption in favor of the mortgagee, we would not question that a purchaser at foreclosure sale after the two year period had expired, no notice of the tax sale ever having been given, as required by § 3109, would still be entitled to redeem.

But full effect can be given to this section as a whole by holding a purchaser during the two year period to the same limitation which applies to the owner. Here the purchase, with constructive notice of the state of the tax titles, was more than a year before the two year period for redemption expired.

■ We, therefore, concur with the trial court in holding that complainant, under the facts of this case, is not entitled to the protection afforded by the quoted provision of § 3109.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.