199 So. 820

**FARMER v. HILL et al.**

**6 Div. 760.**

Supreme Court of Alabama.

Jan. 16, 1941.

E. W. Skidmore, of Tuscaloosa, for appellant.

James W. Mustin, Jr., and Chas. B. Rice, both of Tuscaloosa, for appellees.

**BOULDIN, Justice.**

Bill in equity by personal representatives of a mortgagee to redeem lands purchased by the State at tax sale, and deeded to respondent by the State.

The appeal is from a decree overruling demurrers to the bill as amended.

Redemption is sought under the provisions of Section 3109, Code of 1923, amended Gen.Rev.Law 1935, Section 268, General Acts 1935, p. 368.

This statute defines the persons entitled to redeem from tax sales, and prescribes the time within which redemption shall be made. It deals with lands purchased by the State at tax sales, as well as lands purchased by any other purchaser.

It prescribes the time limit in all cases. When purchased by the State, redemption may be had at any time before title passes out of the State; when purchased by any other, within two years from date of sale. This is the general rule. The statute then grants further time to persons under disability, namely, one year after removal of disability; an indefinite period after the tax deed is made by the judge of probate to the individual purchaser, and after lands purchased by the State may have been deeded by the State, conveying its tax title.

The concluding provision of this section reads: "If the mortgage or other instrument creating a lien under which a party seeks to redeem is duly recorded at the time of said tax sale, the said party shall, in addition to the time herein specified, have the right to redeem said real estate sold, or any portion thereof covered by his mortgage or lien, at any time within one year from the date of written notice from the purchaser of his purchase of said lands at tax sale, served upon such party, and notice served upon either the original mortgagee or lien holder or their transferee of record, or their heirs, personal representatives or assigns, shall be sufficient notice."

As observed in Alabama Mineral Land Co. v. McFry et al. 236 Ala. 632, 184 So. 192, the evident purpose is to relieve mortgagees, whose mortgages are of record in the courthouse where tax sales are made, of the necessity of keeping check of tax records. The burden is imposed on the purchaser at tax sale, whether the State or an individual, to give notice of his purchase, if it is desired to limit the time for redemption by such mortgagee. Nothing in this statute can be construed to exclude lands purchased by the State. Such construction would defeat the legislative purpose. Since the statute designates no official to give notice on behalf of the State, it may be inferred the Legislature did not intend to cut off redemption by mortgagees of the class named. All persons buying from the State are charged with notice by the record of the mortgage. See Gen.Acts 1935, p. 1112, Id. p. 1114.

A redemption under this statute does not question the validity of the tax sale, nor the title of the purchaser from the State. It proceeds on the theory of a defeasible title, subject to be divested by virtue of a statutory right of redemption in the mortgagee. Full relief calls for an adjudication of the facts upon which the right of redemption depends, a divesting of the title of the purchaser upon redemption and a cancellation of his deed, lest thereafter it constitute a cloud on the title. The statutory proceedings for redemption before title passes to the purchaser by deed from the Judge of Probate or from the State, as purchaser at tax sale are inept. A court of equity alone has jurisdiction to render complete and adequate relief.

Possession on the part of complainant is not essential to relief. Indeed, the purchaser from the State, holding under a valid tax sale is entitled to possession, has a right of possession superior to that of the mortgagee, until he has exercised his right of redemption. The outlays for redemption become a part of the mortgage debt to be collected on foreclosure proceedings, if necessary. Red Mountain Mining Co. v.

Jefferson County Savings Bank, 113 Ala. 629, 21 So. 74, 59 Am.St.Rep. 151.

A bill of this kind is unlike one to redeem and cancel a tax deed as a cloud on title because of invalidity of the tax sale, as in Watson v. Baker et al., 228 Ala. 652, 154 So. 788, and cases there cited. See, also, Alabama Mineral Land Co. v. McFry, supra; Hester v. First Nat. Bank of Russellville, 237 Ala. 307, 186 So. 717; Opinions of Attorney General, Vol. 14, p. 83, Id. p. 215.

The bill in this cause as amended discloses that the tax sale was made in 1933, and the lands purchased by the State; that in June, 1940, respondent purchased the lands from the State for the sum of $275, and received a deed conveying the tax title; that complainant is the owner of a mortgage executed by R. B. Bailey and wife, in March, 1925 for $1,650 which mortgage is still in force and unpaid; that the mortgagee, nor his personal representatives, have ever been given written notice of the tax sale by the State, or any of its officers, nor by the respondent, as purchaser from the State; that in July, 1940, complainant sought to redeem the property, and to that end tendered to respondent, $300 in lawful money, a sum sufficient to redeem, which was refused. The money is brought into court. But the bill nowhere avers that the mortgage was of record at the time of the tax sale. This is one of the essential elements of the right of redemption here asserted.

The right of redemption by a mortgagee is barred as that of other redemptioners, save in the case provided in above-quoted statute. The bill must aver all the facts bringing complainant within this saving clause. Neither does the bill aver to whom the mortgage was given, nor that complainant's testator was the owner thereof at the time of the tax sale. The statute authorizes notice to other than the owner of the mortgage at date of such sale. The bill should, by sufficient averments, disclose that no notice was given to any of the parties named in the statute.

The demurrers pointed out these defects in the bill, and should have been sustained on these grounds.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.