33 So.2d 890

**MOORE et al. v. LAIRD.**
**6 Div. 568.**

Supreme Court of Alabama.
Jan. 15, 1948.

Rehearing Denied Feb. 26, 1948.

D. P. Moore, of Mobile, for appellants.

Wm. Marvin Woodall, of Birmingham, for appellee.

286

BROWN, Justice.

This is a bill by the transferee and holder of a mortgage and the indebtedness secured of record in the office of the Judge of Probate of Jefferson County at the time of the assessment and sale of the property for taxes, the sale being made in the year 1932, to redeem from said tax sale under the provisions of § 303, Title 51, Code of 1940. The transfer of the mortgage to the complainant was made in 1946. The mortgage was given by the owner of the land to the guardian and the complainant, a minor, and, therefore, the beneficiary of the chose in action created by said mortgage.

The bill alleges that no notice was given by the state or by any of its officers or any other person to the mortgagee or the complainant until March 1, 1946, when such notice was given by the respondent D. P. Moore to the mortgagee. The bill was filed within a year from the giving of said notice.

The allegations of the bill show that the land was sold and bought in by the state for the taxes due the first of October, 1931, and that Moore purchased from the state in 1945. On March 25, 1946, Moore furnished complainant on request of her solicitor a statement of the amount necessary to redeem the property.

The bill alleges: "That the said Defendant, D. P. Moore, now owns the said tax title to all of the lands as described and set forth in the said State of Alabama Deed to him, a copy of which is made 'Exhibit B' to this Original Bill of Complaint; and if Plaintiff is mistaken in this statement of fact, the said Defendants are hereby called upon to fully disclose to this Court the true facts showing wherein this statement is untrue, and giving the name and address of any such person, who may be the owner of such tax title to any of said lands by virtue of any contract or deed made by the Defendants or either of them respecting such tax title. * * *

"That thereafter said Defendant, D. P. Moore, agreed with the Plaintiff that the amount due him for such redemption, as now sought to be effected by this Bill of Complaint, by the said Recorded Mortgagee-Transferee is the sum of Two hundred Fifty-eight dollars and twenty-eight cents ($258.28), and which sum the Plaintiff in this cause duly offered to pay the said Defendant, D. P. Moore, upon delivery to her of a duly executed redemption Statutory Warranty Deed, or Quit-Claim Deed, made by the said Defendants,—and which the Plaintiff is still ready, willing and able to pay and continues to offer to pay upon the execution and delivery to her by the Defendants of such Statutory or Quit-Claim Deed,—but that the Defendant, D. P. Moore, has refused and still refuses to execute and deliver to her either such Statutory Warranty Deed or Quit-Claim Deed as demanded by the plaintiff, * * *."

From these averments it appears that defendants do not question the right of the complainant to redeem but do question the method which complainant seeks to follow in making the redemption. In brief and argument the appellant Moore insists that the quoted averments require the execution and delivery of deed, not as a contemporaneous act of the payment of the necessary sum to redeem, but in advance thereof; while the complainant insists that these averments show an offer to pay contemporaneously with the act of delivery of the deed conveying respondent's title to the complainant.

Our interpretation of the averments is that the payment was to be made concurrently with the delivery of the deed. In view of the fact that defendant holds the title under a recorded deed; that he had previously sold a part of the property and conveyed the same, and had received a conveyance back from his grantee also of record, complainant was within her rights in insisting upon defendants conveying to her. Therefore, in view of the averments showing that the defendants had refused to and still refuse to execute and deliver the deed conveying to complainant the title, which Moore holds, complainant was within her right in filing the bill to require respondent Moore, the holder of the legal title, to make a valid conveyance or in lieu thereof to have said deeds outstanding of record annulled and cancelled upon

the record, which could only be affected by a decree of a court of equity. Farmer v. Hill et al., 240 Ala. 416, 199 So. 820; Alabama Mineral Land Co. v. McFry et al., 236 Ala. 632, 184 So. 192.

There is only one aspect of the bill, that is to redeem from the tax sale and have the title cleared of any cloud thereon. The question of complainant's right to discovery to ascertain from the defendant who has any claim or right to the property is a mere incident to the relief which the bill seeks. The decree of the court from which the appeal is prosecuted does not deal with that question.

The circuit court did not err in overruling the demurrer and the decree is due to be affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.