44 So.2d 767

**KILGORE v. GAMBLE.**

6 Div. 933.

Supreme Court of Alabama.

March 2, 1950.

Bankhead, Skinner & Kilgore, of Jasper, for appellant.

J. A. Posey, of Haleyville, for appellee.

BROWN, Justice.

The bill was filed by appellant August 8, 1948, seeking to redeem the lands described in the bill situated in Winston County, Alabama, from a tax sale made in default of the payment of taxes by the owner on August 28, 1933, for taxes due and payable in 1932. At said sale the lands were bought in by the state.

The complainant, appellant here, asserts his right to redeem as the remote assignee of a recorded mortgage on the land executed by the owner John Kilgore on May 22, 1928, to Eclipse Coal Company. The appellee, a grantee of the state once removed was made the sole party defendant. The defendant, as the allegations of the bill show, claims under the original purchaser from the state to whom the lands

were conveyed December 21, 1937, and then conveyed to defendant February 20, 1939, putting him in possession. At the filing of the bill he was engaged in operating a coal mine on said lands and as against this activity, the bill prays for temporary and permanent injunctive relief, for an accounting against the defendant for the value of the coal removed from the land and for the value of the timber cut in the mining operation. The complainant claims the right to redeem through a chain of assignments of said John Kilgore mortgage, running from Eclipse Coal Company through the Birmingham Mortgage Company, all of which, as the bill alleges, were duly recorded in the Probate Office of Winston County, Alabama. The bill alleges "that on towit February 12th, 1929, the said Shackelford Corporation transferred and assigned all of the interest it had in said mortgage to the Birmingham Mortgage Company; that during the month of April, 1941, Birmingham Mortgage Company, a corporation, was forced into receivership, or involuntary bankruptcy in a court of competent jurisdiction; that during the period of said receivership and prior to the discharge of the receiver, L. F. Jeffers as receiver of Birmingham Mortgage Company transferred and assigned said mortgage to Shackelford Corporation by instrument dated March 6, 1942," which was recorded in the office of the judge of probate.

"Complainant avers that on towit January 8, 1938, after W. A. Gamble purchased from the State of Alabama, on December 21, 1937, or within eighteen (18) days Birmingham Mortgage Company made application to redeem said lands, deposited with the Probate Judge of Winston County, Alabama, the amount for which said lands were sold to the state, namely, forty-six ($46.00) Dollars, together with all interest, taxes and costs to that date, and that the Probate Judge has held said money on deposit for the said W. A. Gamble, or the respondent, since that date, but the said Probate Judge refused to issue to Birmingham Mortgage Company a certificate of redemption, and that said W. A. Gamble refused to accept said money."

Subsequent to the foregoing, the bill alleges that Birmingham Mortgage Company on March 6, 1942, through said Jeffers as receiver conveyed its interest in said mortgage and said lands to Shackelford Corporation and that the last mentioned transferred its interest in said mortgage and said lands to appellant November 24, 1942."

On these averments the complainant in effect seeks to be subrogated to any benefit the Birmingham Mortgage Company may have gained by its alleged effort to redeem.

The bill also alleges that neither the State of Alabama, the State Tax Commission or State Land Commissioner gave said mortgagee or any assignee or complainant any written notice of any kind to redeem before the sale of said lands to W. A. Gamble or that the respondent W. A. Gamble gave any written notice to redeem to the Birmingham Mortgage Company or appellant, "and no such notice was given by any person or agency."

There is an absence of allegation in the bill that any of said assignees of said mortgage, other than the Birmingham Mortgage Company, took any steps to redeem. Nor does the bill allege that said Birmingham Mortgage Company acted for the benefit of any one except to protect its own interest and the allegations show that it failed to press the matter to a successful conclusion.

The trial court sustained demurrer to the bill for the reason assigned in the decree that complainant does not occupy the status of a person authorized by section 303, Title 51, Code, to redeem, because he has no interest in the land as contemplated by that statute; is not a judgment creditor or other creditor having a lien on the land, but only an assignee of a mortgage on November 24, 1942, more than nine years from the date of the tax sale.

■■ We understand that holding to be that for an assignee of a mortgage to be allowed to redeem he must be such at the time of the tax sale. But section 303, supra, has not received that construction. Alabama Mineral Land Co. v. McFry, 236 Ala. 632(8), 184 So. 192. That authority

observes that a person may redeem under section 303, supra, if he comes into the status of one thus authorized before the right to redeem expires. That includes any person having an interest in the land. We see no reason to doubt that the assignee of a valid mortgage, who becomes such before the right to redeem has expired, may exercise that right. Under section 303, supra, it may be redeemed at any time before the title passes out of the State. And if a person is either the original mortgagee or his transferee of record, an additional period of one year is allowed from the date of giving written notice to him by the purchaser of his purchase. The period in which a redemption may be had when the purchaser is one other than the State is three years, with such additional allowance of one year, above noted. The right of a mortgagee or his transferee of record continues therefore along with the right of others mentioned in section 303, supra, as long as the State holds title under the tax purchase. The notice provided in section 303, supra, according to its terms, would extend the period of one year after the notice and therefore may continue after the State has sold the land. If such written notice is not given at all, as there provided, the right to redeem by a mortgagee or his transferee of record would be cut off only by adverse possession.

The bill shows that complainant and his predecessors were each transferees of record of a mortgage also of record during the entire period extending from the date of the tax sale to the filing of this suit. And that no such written notice was given to any of them, as required by section 3109, Code of 1923, § 303, supra.

The right to redeem under §§ 303 and 304, Title 51, Code of 1940, continued at least until the sale was made on December 21, 1937, by the land commissioner. A few days after this sale was made the Birmingham Mortgage Company, then a record transferee of a recorded mortgage, undertook to redeem under § 304, supra. If no notice had been given to it before then and no notice had been given to the mortgagee or to the Shackelford Company,

a preceding transferee of record of the mortgage, the right to redeem existed in the Birmingham Mortgage Company when it undertook to redeem unless the notice required by § 316, Title 51, Code of 1940, had been given to it. That statute does not require notice to all persons entitled to redeem under section 303, supra, but only to some one of them. If it was given to any one of them the sale by the State would not be void. But if no notice was given to a transferee of record of a mortgage as provided in section 303, it necessarily follows that no notice was given him as provided in § 316, supra, because notice sufficient under § 316 would include the requirements of section 303, supra. So that since the bill alleges that notice was not given to the Birmingham Mortgage Company, the Shackelford Company, or the mortgagee, it follows that the sale by the State on December 21, 1937, did not cut off the right to redemption then existing in the Birmingham Mortgage Company. So that, when on January 8, 1938, the Birmingham Mortgage Company undertook to redeem it had the prima facie right to do so, if the mortgage was then subsisting. The Birmingham Mortgage Company pursued the right course as provided in § 304, supra, to redeem. But that act on the part of the Birmingham Mortgage Company showed that it had actual knowledge of the tax sale and of the matters which the written notice provided for in section 303, supra, would disclose. No other written notice is necessary to be given it or a subsequent transferee of the mortgage. The Birmingham Mortgage Company could have enforced that right by requiring the judge of probate to take the steps provided for in § 304, supra. A failure to do so until there was a transfer of the mortgage to the Shackelford Company on March 6, 1942, and by it to complainant on November 24, 1942, amounted to an abandonment of the right, and the transfers of the mortgage did not carry anything in that respect. If the then holder of record of a mortgage has knowledge of the facts prescribed in § 303, supra, or such notice is given him, the rights of any subsequent holder are cut off

by the failure of the former to act within the one year period. Therefore the failure of the Birmingham Mortgage Company to pursue its effort to redeem allowing four years to pass without taking some further action to enforce what it had started, serves to cut off all such rights which it had and a subsequent transferee is in no better position.

■ The bill also shows that it is subject to the ground of demurrer which goes to the point that the mortgage is over twenty years old and, therefore, presumably paid. Staten v. Shumate, 243 Ala. 261, 9 So.2d 751; Hendley v. First National Bank, 235 Ala. 664, 180 So. 667. When so the duty is on complainant to overcome that presumption by alleging the facts which keep it subsisting. Ussery v. Darrow, 238 Ala. 67, 188 So. 885; Phoenix Chair Co. v. Daniel, 228 Ala. 579, 155 So. 363; Mullen v. First National Bank, 226 Ala. 305, 146 So. 802.

No such facts are alleged. It is unnecessary to discuss the statute as it appears in § 174, Title 47, Code of 1940, in this connection. See, Hendley v. First National Bank, supra.

The bill shows on its face that if the facts are as alleged no amendment could give it equity.

We think the decree sustaining the demurrer and dismissing the bill was without error and it is affirmed.

Affirmed.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.