63 So.2d 809

**HINKLE v. POSEY.**

**6 Div. 438.**

Supreme Court of Alabama.

Jan. 19, 1953.

Pritchard, McCall & Jones and Victor H. Smith, all of Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue and Wade H. Morton, all of Birmingham, for appellee.

FOSTER, Justice.

This is a suit in ejectment by the appellee, who was the purchaser at foreclosure sale under a mortgage to him, against appellant, the purchaser from the State which purchased at a tax sale, agreed to have been valid and therefore to have passed the legal title. The tax sale was on an assessment to the mortgagor after the execution and recordation of the mortgage.

Plaintiff undertook to show that he made a tender to defendant prior to the institution of the suit of an amount sufficient to effect a redemption, if he had the right, and within the time provided in section 303, Title 51, Code 1940. Plaintiff brought the amount of the tender into court and paid it to the clerk; but no mention of the tender was made in any of the pleadings.

The plaintiff made no claim of a right to recover except under the mortgage foreclosure, and by virtue of said tender and the payment into court. He sought by this method to redeem by virtue of a recorded mortgage which he held when the land was assessed and sold, and thereby had a right to redeem under section 303, supra, during the extended period there provided. We assume for present purposes, that he made this tender of a proper amount within the period of time so provided and in a proper manner. He did not deposit with the probate judge the required amount under section 304, Title 51, Code.

The trial court, sitting without a jury, rendered judgment for plaintiff for the land sued for and ordered the amount of the tender, less the costs, paid to defendant. Defendant has appealed from that judgment.

Plaintiff contended, and the trial court sustained his contention, that by making the tender and keeping it good and paying it into court, the title to the land revested, *ipso facto*, in plaintiff free from the tax title, so as to support a suit at law by plaintiff for its recovery: This contention is challenged by defendant on this appeal. The result contended for, and approved by the trial court, would be well supported if under the law a sufficient tender had that effect when kept good. Whether the tender

was sufficient as a tender and kept good seems not to be questioned.

Since there is no controlling contract here involved, we are remitted to the statute to see if plaintiff can maintain a suit in ejectment upon a tender to a tax purchaser from the State which purchased at a valid sale and thereby acquired a good title and passed it to defendant.

█ We will assume that, at the time of the alleged tender, plaintiff had a right to redeem under the terms of section 303, supra. The extended time here provided applies when the State is a purchaser and sells the land to a stranger to the title. Kilgore v. Gamble, 253 Ala. 334, 44 So.2d 767; Farmer v. Hill, 240 Ala. 416, 199 So. 820. When the State is the purchaser the method to be pursued for a redemption is provided for in section 304, as amended (see pocket part), Title 51, Code, and the probate judge issues a certificate of redemption as provided in section 310, Title 51, Code. Section 305 of Title 51 provides for redemption when one other than the State purchases at the tax sale, not here material. The statutes do not make other provision applicable to a redemption from a sale to the State and then a sale by the State to a third party, or a sale to an individual and by him to another.

When sections 303 and 304 or 305, supra, apply it was held in Osborne v. Waddell, 176 Ala. 232, 57 So. 698, 699, that they furnish adequate and exclusive remedy. In that case a suit for the sale of land for partition was filed. One not a cotenant was made a party. It was uncertain whether the relief against the third person was for the specific performance of a verbal contract authorizing a redemption from a tax sale, or to effectuate a redemptive right authorized by law against such person from a tax sale. The Court held that specific performance was not available, and that the remedy for redemption provided for in "sections 2313 and 2314 of the Code (of 1907), is not only adequate and complete, but also exclusive." Those two Code sections are in substance sections 303 and 304 of Title 51, Code 1940.

We observed in Standard Contractors Supply Co. v. Scotch, 247 Ala. 517, 25 So. 2d 257, that the Osborne case, supra, was not authority against a suit in equity by a taxpayer who remained in possession to obtain the benefits of section 296, Title 51, supra, section 3108, Code of 1923, the tax sale being valid. The principle of the Osborne case came up also in Bains Bros. Investment Co. v. Purdie, 180 Ala. 333, 337, 60 So. 920. But the Court was there dealing with a different system of tax sales and redemptions applicable to decrees in equity in foreclosure of municipal tax liens. In those statutes it was provided that the redemptioner could make the required payment to either the *purchaser* or the city treasurer, and the effect of the *payment* (not of the *tender*) is to avoid the tax sale deed; that a *payment* involves an acceptance or receipt of the money tendered. If it is not accepted, the right of the redemptioner was to come into equity. Bains Bros. Investment Co. v. Walthall, 180 Ala. 45, 60 So. 142; Farmer v. Hill, 240 Ala. 416, 199 So. 820. If payment had been received, but possession refused, ejectment would lie if the purchaser was in possession. Wetzel v. Toston, 248 Ala. 382, 27 So.2d 629.

But the statutes here under consideration make no provision for paying or tendering to the *purchaser* the amount necessary to effect redemption.

█ It is not contended that a statute exists to enable the redemptioner to bring ejectment for the land and by paying the tender into court recover possession of the land. Appellee not being in possession and the sale being valid, he must use the statutory proceeding set up in section 304, supra, when the State purchases if it applies after the State has sold to another. Appellee contends that section 304, supra, does not apply after the State has sold the land and, therefore, there is no procedure prescribed by statute available to him. He contends that he has therefore pursued the proper remedy. The case of Farmer v. Hill, supra, was dealing with that state of facts. It was held that section 304 did not apply after the State had sold the land, and that a court of equity alone had jurisdiction to render complete relief. We agree with the conclusion there stated that equity alone would have jurisdiction if section 304 did not apply. The title does not pass so as to be available at law except by a sufficient writ-

ten instrument, adverse possession, or an applicable statute, and sometimes by a decree in equity, but not by estoppel. Kelly v. Hendricks, 57 Ala. 193; Hendricks v. Kelly, 64 Ala. 388. This is illustrated in respect to mortgages which pass the legal title, but when the mortgage debt has been paid. Payment did not revest the title until section 181, Title 47, Code 1940, was adopted. Abbett v. Page, 92 Ala. 571, 9 So. 332; Askew v. Sanders, 84 Ala. 356, 4 So. 167.

The Farmer case, supra, in holding that section 304, supra, did not apply, merely made the statement that it was inept after the State had sold the land. It provides for a deposit with the probate judge when the State has become the purchaser. In Kilgore v. Gamble, 253 Ala. 334, 44 So.2d 767, it is said that under those circumstances it was the proper course to make the deposit as provided in section 304. It is also supported by the companion case of Kilgore v. Roberts, 254 Ala. 708, 48 So.2d 886. The case of Kilgore v. Gamble did not refer to the Farmer case, supra. It is clear the statements made in the two cases conflict. By section 304, supra, the redemptioner is required to deposit with the probate judge the amount of money for which the lands were sold, together with the amount of all taxes found to be due on said land since the date of sale, as provided therein, with interest, costs and fees. If those terms are broad enough to cover the taxes paid by a purchaser from the State, or which accrued after he purchased, we see no reason why section 304, supra, is not applicable. It was however originally drafted on the theory that the right to redeem terminated when not exercised before the State should sell the land. Such is the general right conferred by section 303, supra, but that does not consider the extended period allowed a mortgagee. While a redemption by a mortgagee during the extended period now allowed him after a sale by the State was probably not thought of in drafting section 304, as amended (pocket part), Title 51, Code, it seems to us that its terms are broad enough to include that situation; and we see no reason why section 305, supra, should not apply for the benefit of such a mortgagee after a purchaser at tax sale

(not the State) has sold it to another after the three year period has expired. We understand the Farmer case, supra, to hold that it does not apply. The Farmer case is inferentially supported by Moore v. Laird, 250 Ala. 285, 33 So.2d 890.

We are not willing to follow the Farmer and Moore cases, supra, in holding that sections 304 and 305, or either of them, do not apply after a sale has been made by the State in one instance and by a purchaser not the State in the other, when the general right to redeem has expired, but not that of a mortgagee under section 303, supra. We think the statement in Kilgore v. Gamble, supra, which is the later expression of opinion in that regard, should prevail.

The result is that we cannot sustain the judgment of the trial court. A redemption cannot be thus effected under the circumstances here disclosed. Moreover, if the right still existed and section 304, supra, did not apply, the only remedy would be in equity.

The judgment is reversed and one here rendered in favor of appellant.

Reversed and rendered.

All the Justices concur.

