BEATTY, Justice.
This is an appeal from the grant of summary judgment in favor of the plaintiff in a suit to redeem certain real estate from a tax sale. We affirm.
In 1961 John W. Brezzel, a widower, executed a real estate mortgage on the property in question, a subdivision lot in Mobile. The mortgagee named was Thames, Jackson, Harris Company, Inc. The mortgage instrument contained the usual power to sell at auction upon default, and provided power in the auctioneer to execute a deed in the name of the mortgagor. The mortgage was the subject of several transfers, the final assignment having taken place on September 1, 1976. This assignment was duly recorded.
Meanwhile, the defendant acquired a tax deed to the property on April 23, 1976 following a tax sale for the 1970 taxes which were assessed in the name of John W. Brez-zel.
Thereafter, under the power of sale contained in the mortgage, the plaintiff foreclosed on the property and bn November 17, 1976 obtained an auctioneer’s deed. This deed was duly recorded.
In September, 1976 the plaintiff learned of the tax sale to the defendant and offered to redeem the property from that sale. When the defendant did not allow redemption the plaintiff initiated this action on July 15, 1977 to require redemption. After the defendant had filed his answer, the plaintiff on August 25,1978 moved for summary judgment based upon the pleadings and an affidavit of Gus B. Thames. On September 18, 1978 the trial court entered summary judgment for the plaintiff, and this appeal ensued.
The only question presented is whether or not the trial court properly granted summary judgment.
*26 The defendant maintains that summary judgment was improper because there were unresolved issues of fact on the plaintiff’s entitlement to redeem, and because the trial court based its ruling on inadmissible evidence.
Code of 1975, § 40-10-120 was the authority used by the trial court in gauging the legal rights of the parties. It states in part:
Real estate which hereafter may be sold for taxes and purchased by the state or, if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale . . . . If the mortgage . is duly recorded at the time of said tax sale, the said party [seeking redemption] shall, in addition to the time herein specified [three years], have the right to redeem said real estate sold, ... at any time within one year from the date of written notice from the purchaser of his purchase of said lands at tax sale served upon such party .
When it considered the plaintiff’s motion for summary judgment the trial court had before it the pleadings and the Thames affidavit. The affidavit was accompanied by the Brezzel mortgage, showing due recordation, and by a copy of the auctioneer’s deed conveying the property to the plaintiff. Thames as president of the plaintiff corporation stated in his affidavit that “No notice was received by the mortgage holder from the Defendant of his purchase of said lands, and no contact from the Defendant was had at all until Plaintiff in said [this] civil action learned of the tax sale, in, to-wit, September, 1976, from sources other than the Defendant, . . ” The contents of this affidavit would have been admissible in evidence. Rule 56(e), ARCP. The defendant offered nothing to counter the plaintiff’s allegations and supporting affidavit.
Under the submission for summary judgment, then, the trial court could have found that the plaintiff was a party in interest within the terms of the statute who was entitled to redeem this real estate from a tax sale to an individual; that the mortgage was a matter of record at the time of the tax sale, and that no notice of his purchase at the tax sale was given to any person authorized by statute to receive it. § 40-10-120, supra. Thus it could have found that the redemption suit was timely brought. Indeed, this Court held in Kilgore v. Gamble, 253 Ala. 334, 44 So.2d 767 (1950):
If such written notice is not given at all, as there provided [referring to the predecessor statute], the right to redeem by a mortgagee or his transferee of record would be cut off only by adverse possession.
Had the defendant desired to take issue with any of the factual matters submitted by the plaintiff’s summary judgment motion, he might have, and properly should have, done so:
When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. .
Rule 56(e), ARCP; See Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976).
The defendant also contends on appeal that the grant of summary judgment against him was improper because he had no notice of it. The record, however, shows that such notice was mailed to him by opposing counsel in accord with Rule 56(a), (b), (d).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.