TORBERT, Chief Justice
(concurring specially).
I agree that the trial court was correct in quieting title to the property in the appellee Mae Hughes and in denying the appellants’ motion for a new trial. It is my view, however, that the trial court’s judgment should be affirmed for the reason that the provisions of Code 1975, § 35-10-20, are dispositive. That section provides in pertinent part:
“As to third parties without actual notice or knowledge to the contrary, the indebtedness secured by any recorded mortgage, or reservation of vendor’s lien, either in deed of conveyance or note, bond or contract of purchase covering real estate 20 years past due according to the original maturity date, or some new date fixed by a duly recorded extension agreement, shall be conclusively presumed to have been paid unless the record of such mortgage or lien shows a credit by the mortgagee, or lienee, or owner of the debt, or his assignee of one or more payments upon such indebtedness within the 20 years last passed. And if the final maturity date of the debt is not shown by the mortgage or lien, or a recorded extension agreement, or cannot be determined by calculation from the recitals contained therein, then the time shall run from the date of the mortgage or lien.
“The notation of credits mentioned in the next preceding paragraph may be made upon the record of any such mortgage, or vendor’s lien, by the owner of the indebtedness, or someone holding a duly recorded power of attorney authorizing it. Such notation must show the date of the payment made, the date the entry was made upon the record, and be witnessed by the probate judge of the county, or his duly authorized clerk.”
Code 1975, § 35-10-20.
Several cases have construed this section to mean exactly what it says: that is, “that the indebtedness secured by any recorded mortgage is conclusively presumed to have been paid if 20 years past due, unless the record shows some payment by a mortgagor within the 20 year period.” Bonner v. Pugh, 376 So.2d 1354 (Ala.1979). In Staten v. Shumate, 243 Ala. 261, 9 So.2d 751 (1942), the Court, in addressing this issue, likewise stated that without further evidence to the contrary the mortgage would be conclusively presumed paid.
When it is shown that the mortgage is over twenty years old, thus raising the presumption, the complainant has the duty to allege facts to show that payments had been made within the twenty-year period or some facts that would overcome the presumption and show that the mortgage was still in existence. Kilgore v. Gamble, 253 Ala. 334, 44 So.2d 767 (1950). No such facts were shown in this case. Thus, the burden was not met and the twenty-year presumption would control.
*711 Several other eases have also construed this statute in the same manner. While the trial court did not focus on the applicability of this statute, the appellee did call it to our attention in brief. Since it is my view that § 35-10-20 is clearly dispositive of the issues of this case, I would forego a discussion of the more complex issues involving the doctrines of caveat emptor and adverse possession. For this reason I agree that the judgment of the trial court is due to be affirmed.
SHORES, J., concurs.