SHORES, Justice.
National Security Fire & Casualty Company (“National Security”) appeals from a summary judgment entered in favor of the plaintiffs, Douglas H. King and Mary Elizabeth Hutchison. We affirm.
Johnny Blackwell was driving while intoxicated on June 28, 1988, and struck Douglas King’s automobile. King and his passenger, Mary Elizabeth Hutchison, were injured in the collision. Blackwell was insured under a policy issued by National Security. King and Hutchison, unable to reach a settlement with National Security, sued Blackwell on October 28, 1988, for compensatory and punitive damages arising out of the collision. Their attorney had, on October 27, 1988, sent National Security a copy of the complaint that he was about to file.
Blackwell was served with process on December 29, 1988. He wrote National Security on January 9, 1989, informing it that King and Hutchison were suing him, that he had been served on December 29, and that he could not afford a lawyer and that he expected National Security, as his insurer, to defend him against the suit. Blackwell failed to plead, answer, or otherwise defend against the suit, and the trial court entered default judgments in favor of King and Hutchison on February 8, 1989. The trial court awarded King and Hutchi-son each $20,000 compensatory and $100,-000 punitive damages.
King and Hutchison issued writs of garnishment against National Security in July 1989, to hold National Security as a garnishee to the above judgments under its insurance policy with Blackwell. National Security filed a garnishee’s answer in each case, stating that it was not indebted to Blackwell. Attached to each answer was the affidavit of Jack G. Bronner, the claims manager of National Security, in which he stated that, based on his personal knowledge, National Security was not liable to Blackwell on a debt arising out of the automobile accident because, he said, Blackwell did not advise National Security of the suits and did not provide National Security with the summons, complaint, and other *252 documents as required under the terms of his policy. The plaintiffs moved to test the sufficiency of National Security’s answer to the garnishment, and the trial court granted their motion to test sufficiency in October 1989. At the plaintiffs’ request, the trial court consolidated King’s case and Hutchison’s case in 1990.
On August 27, 1991, the plaintiffs moved for a summary judgment in their consolidated garnishment action against National Security. King and Hutchison attached numerous affidavits and incorporated the pleadings and documents contained in their prior actions against Blackwell in support of their motion for summary judgment. Among their supporting documents was Blackwell’s affidavit stating that he had written National Security on January 9, 1989, to inform it that he was being sued by King and Hutchison; copies of this letter and other letters from Blackwell to National Security were attached to the affidavit.
National Security’s response to the motion for summary judgment alleged that it was not liable to Blackwell because, it said, he had violated the terms and conditions of his policy by failing to give National Security “notice ... of the pendency of lawsuits against him and [by allowing] default judgments to be taken out against him.” C.R. 165. National Security attached the August 1989 affidavit of Jack G. Bronner to its summary judgment response. The trial court, after hearing arguments of counsel and after reviewing “the entire file including the motion with its attachments and the response of the Garnishee with its attachments,” entered a summary judgment for the plaintiffs. C.R. 172.
National Security contends that the evidence before the trial court presented a genuine issue of material fact as to whether National Security, as garnishee, is indebted to Blackwell and, thus, that the summary judgment was improperly entered. The plaintiffs contend that the summary judgment was appropriate because, they say, Bronner’s affidavit in opposition to the summary judgment motion was inadmissible because it referred to the provisions of Blackwell’s policy but National Security’s response did not include a copy of the policy.
A summary judgment is proper when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; King v. Breen, 560 So.2d 186 (Ala.1990). In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant, Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985), and all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the moving party, Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). In determining the existence or absence of a genuine issue of material fact, this Court is limited to a consideration of the factors that were before the trial court when it ruled on the summary judgment motion. Broadmoor Realty, Inc. v. First Nationwide Bank, 568 So.2d 779 (Ala.1990). However, this Court’s reasoning is not limited to that applied by the trial court. Hill v. Talladega College, 502 So.2d 735 (Ala.1987).
Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden of going forward with evidence demonstrating the existence of a genuine issue of material fact shifts to the nonmovant. Grider v. Grider, 555 So.2d 104 (Ala.1989). Because this action was filed after June 11, 1987, the nonmovant must meet this burden by “substantial evidence.” Ala.Code 1975, § 12-21-12; Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test, the nonmovant must present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); § 12-21-12(d).
“The evidence given in an affidavit submitted in support of, or in opposition *253 to, a summary judgment motion must be admissible at trial. The party alleging inadmissibility must make the trial court aware of the inadmissibility.”
McCullough v. McAnalley, 590 So.2d 229 (Ala.1991) (citation omitted).
National Security contends that the plaintiffs did not object to the use of Bron-ner’s affidavit during the summary judgment proceedings before the trial court and did not move to strike the affidavit and thus cannot raise this issue for the first time on appeal. See Perry v. Mobile County, 533 So.2d 602, 604-05 (Ala.1988). We disagree with this interpretation. The Bronner affidavit used in National Security’s response to the plaintiffs’ summary judgment motion is the same affidavit used in National Security’s answers to the writs of garnishment. The plaintiffs objected to the affidavit when they moved to test the sufficiency of the garnishee’s (i.e., National Security’s) answers. The trial court, in granting the plaintiffs’ motion, agreed that the affidavit was insufficient to support National Security’s argument that it was not indebted as a garnishee to Blackwell under his insurance policy. Because the plaintiffs incorporated the pleadings and documents contained in their prior actions against Blackwell in support of their summary judgment motion, and because the trial court was made aware of their objection to Bronner’s affidavit in the garnishment proceedings arising out of their prior actions against Blackwell, the plaintiffs did preserve for appeal their objection to Bron-ner’s affidavit. See McCullough, supra, at 232-33.
When, in support of, or in opposition to, a motion for summary judgment, a party relies on a conclusion stated in an affidavit, the affidavit must set forth sufficient factual evidence to justify the conclusion stated, and those facts must be “such ... as would be admissible in evidence.” Rule 56(e), A.R.Civ.P.; see Nowell v. Mobile County Health Dep’t, 501 So.2d 468, 470 (Ala.Civ.App.1986). When an affidavit refers to the contents of a document to establish a genuine issue of material fact, the better practice is to attach to the affidavit a copy of that document, in a form that would be admissible into evidence. See Almon v. Sixty St. Francis Street, Inc., 368 So.2d 24, 26 (Ala.1979).
The trial court, in its order, states that it relied upon all of the evidence before it, including the oral arguments of counsel, as well as the motion, the response, and all attachments, in entering the summary judgment for the plaintiffs. That evidence establishes that the insurance company was notified of the suit against its insured.
The summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.